The People ex rel. Cornelius Weston, Appellant, *v.* John McClave et al., Police Commissioners, etc., Respondents.

Under the provision of the New York City Consolidation Act (§ 250, chap. 410, Laws of 1882), as amended by the act of 1884 (Chap. 180, Laws of 1884), which authorizes the board of police of said city to adopt and enforce rules for the government and discipline of the police force, and to adopt rules and regulations for the investigation and determination of charges preferred against any member thereof, the only limitations upon their power to punish as prescribed in the act, are, that a trial shall be had upon written charges and upon a reasonable notice to the accused; that the trial shall be a proceeding fairly conducted; that the decision shall be based upon evidence of the trial of the charges, and that no immunity or privilege secured to the accused by the law of the land, shall be violated.

The legality of the trial does not depend upon the order in which the proofs are received, and strict conformity with the modes of procedure in courts of law is not required.

In order to procure a reversal of the determination of the board in such a proceeding where the ground of alleged error is not based upon conclu-

sions from the proofs, it is necessary that the attention of the commissioners should have been called to the question, by an objection upon the hearing pointing out the illegality complained of.

Upon a hearing before the commissioners upon charges against a member of the force, the accused was sworn upon the opening of the case and asked to state what occurred at the time of the commission of the alleged offense. His counsel interposed an objection upon the ground "that no charge and no case has been made out against the accused and * * * that he cannot be called upon to testify against himself until a case is made out against him." The objection was overruled and exception taken. *Held,* no error; that the objection on its face did not suggest an appeal to the constitutional privilege protecting a person from being "compelled in any criminal case to be a witness against himself" (State Const. art. 1, § 6), but rather was directed to the order of the examination which was within the control and discretion of the board; and so, that the constitutional question could not be raised upon appeal.

(Argued October 20, 1890; decided December 2, 1890.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made July 21, 1890, which affirmed the proceedings of defendants dismissing the relator from the police force of the city of New York.

The facts, so far as material, are stated in the opinion.

*Delos McCurdy* for appellant. The General Term erred in its opinion that these proceedings, embracing the trial, conviction and sentence of the relator, were not in the nature of criminal proceedings, and that consequently he was not entitled to the protection afforded to an accused person by the Constitution and laws of this state. (*Tompert* v. *Lithgow,* 1 Bush. 176, 180; 1 Chitty's Pr. 14; 2 R. S. [8th ed.] 850, chap. 10; 2 U. S. R. S. 239, chap. 5, art. 90.) Whether the proceedings of the respondents in this case are held to be of a quasi-criminal nature, or of the nature of military discipline, the relator ought, in either case, to be entitled to the protection afforded by that provision of the Constitution which declares that "no person shall be compelled in any criminal case to be a witness against himself." (N. Y. Const. art. 1, § 6; *Boyd* v. *U. S.,* 116 U. S. 609–641; *State of Iowa* v. *C., B. & Q. R. R. Co.,* 37 Fed. Rep. 497.) The inference that the office held

by the relator was one which he held at the will of the respondents and of which he might be deprived at any time by the exercise of the same will which employed him, is erroneous. (Laws of 1884, chap. 180, § 250; *Gassett* v. *Howard*, L. R. [12 Q. B.] 59.)

*D. J. Dean* for respondents. The board of police had jurisdiction of the subject-matter of the determination now under review, and its proceedings were regular. (Laws of 1882, chap. 410, § 272; *People ex rel.* v. *Bd. of Police*, 99 N. Y. 676.) The relator was compellable to testify before the board of police at any stage of the proceedings, notwithstanding that he was himself on trial. (*People ex rel.* v. *Bd. of Police*, 93 N. Y. 97.) The determination of the board of police being sustained by a preponderance of competent evidence cannot be reversed by this court. (*People ex rel.* v. *Fire Comrs.*, 96 N. Y. 644; *People ex rel.* v. *Bd. of Police*, 93 id. 97, 101; *People ex rel.* v. *French*, 110 id. 494.) The board of police are statutory judges of the relator, and their finding on the facts, though the testimony was contradictory, is conclusive. (*People ex rel.* v. *Bd. of Police*, 93 N. Y. 100; *People ex rel.* v. *French*, 100 id. 494; *People ex rel.* v. *Bd. of Fire Comrs.*, 82 id. 358; *People ex rel.* v. *Bd. of Fire Comrs.*, 100 id. 82.)

Gray, J. The ground on which the appellant seeks to reverse the determination of the court below, by which his dismissal from the police force has been upheld, is that the proceedings before the commissioners of police were rendered invalid; because conducted in violation of that clause of the State Constitution, which declares that "no person shall be compelled in any criminal case to be a witness against himself." (Art. 1, § 6.) The difficulty he encounters, however, is, assuming the applicability to such proceedings of the constitutional inhibition, that the record here does not disclose the commission of any such error. The relator was a police sergeant, and he was charged with conduct unbecoming an officer; the specification

being that he had engaged in an altercation with another sergeant in the station-house. At the hearing before the commissioners upon this charge, the relator was sworn upon the opening of the case and examined by the commissioners. He was asked to state what occurred between him and sergeant Allen, and his counsel interposed an objection " on the ground that no charge and no case has been made out against the accused, and until there is, he need not answer any questions, and, further, that he cannot be called upon to testify against himself until a case is made out against him and witnesses called to sustain the charge." To the overruling of the objection an exception was noted, and, thereupon, the relator proceeded to give his version of the affair. The objection, on its face, does not suggest an appeal to the constitutional privilege, but, rather, is directed to the order of the examination. The basis of his objection to testifying, when sworn for that purpose, is that no case had been made out, nor any witnesses called, to sustain the charge against him. But the proceedings of the board of police commissioners are not governed by any particular rules of procedure, other than their own. The statute (Chap. 180, Laws 1884) authorizes the board to adopt rules for the examination, hearing and determination of charges against members of the force. It guards the rights of the accused member, by providing that the charges shall be in writing and shall be investigated upon a reasonable notice to him.. This power to regulate the manner of procedure in the trial of an accused member is, in the nature of things, reasonable, and strict conformity with the modes of procedure in courts of law is not expected, nor essential. The proceedings are disciplinary in their nature. For the maintenance of the police force in the most efficient state possible, especial powers are conferred upon the commissioners by the statute, and great latitude is allowed them in the exercise of those powers. The tenure of the policeman's office must necessarily be dependent upon his implicit obedience to the disciplinary rules which his superiors establish, and though entitled to a trial upon any charge, involving subjection to punishment, that trial is,

practically, simply an examination of the matter; whereat the accused can be present and be heard in defense or excuse. Such an examination is not like a trial in a court of law and, for its legal correctness, it is only required that no rule of law shall have been violated, nor unwarrantable punishment be inflicted.

The commissioners prescribe rules for the government of the force and by which the personal and official conduct of its members shall be regulated. They are empowered to punish a member who is guilty of an offense against the rules they establish, or who is guilty of conduct unbecoming an officer, and the only limitations upon their disciplinary powers is the express one that a trial shall be had upon written charges, and upon a reasonable notice to the accused, and the implied ones that that trial shall be a proceeding fairly conducted; that the decision shall be based upon evidence of the truth of the charges, and that no immunity, or privilege, secured to the accused by the law of the land, shall be violated. The legality of the trial does not turn upon the order in which the proofs are received, and if the accused is called upon, as was the case here, and requested to state what occurred, although upon the occasion when he was an actor, the examination is not invalidated for error, merely because made at the commencement of the case, rather than at some later stage. They may prefer to hear his statement, and *non constat* but that they may accept his version of the affair. In this case, the record shows no denial of the charge by any plea, nor was the accused asked if he was guilty, or to answer any question which, of necessity, involved evidence of his guilt. If he had refused to answer because his testimony might tend to criminate him, a very different question would be presented for our consideration, and one which we are not required to determine at this time upon this record. His objection was, in effect, that the commissioners ought to make out a case against him before he should be compelled to testify. We see no propriety in that, and if the commissioners chose, in their investigation, to question the accused first, about the circum-

stances of the case, there was no rule of law which militated against their doing so. It is in their power to proceed in their investigation of the facts in any manner they choose, and if, in the course of so doing, the legal rights or privileges of the accused are violated, he has the right to a review of the proceedings in the courts. But it is necessary, in order to make a ground for a reversal, other than that based on the conclusions from the proofs, that the attention of the commissioners should have been called to the error in the examination, or in the admission, or exclusion of evidence by an objection which states the vice, or illegality complained of.

For the reasons stated, the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.