THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL S. GARVEY, Respondent, v. JOHN N. PARTRIDGE, as Police Commissioner of the City of New York, Respondent.

NEW YORK (CITY OF) — AUTHORITY OF POLICE COMMISSIONER TO CONVICT A MEMBER OF THE FORCE WITHOUT FINDING OF GUILT BY DEPUTY COMMISSIONER WHO TRIED THE CHARGES. A deputy police commissioner in the city of New York, before whom charges against members of the police force may be examined, heard and investigated, is not required to make a written finding of guilt in order to give the police commissioner authority to convict and punish.

*People ex rel. Garvey* v. *Partridge*, 95 App. Div. 633, reversed.

(Argued November 15, 1904; decided January 17, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 24, 1904, which annulled a determination of the defendant dismissing the relator from the police force of the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel (James D. Bell* of counsel), for appellant. The police commissioner had full

238 . People ex rel. Garvey *v.* Partridge. [Jan.,

Opinion of the Court, per Werner, J. [Vol. 180.

power to convict, and, on conviction, to dismiss, and the examination before his deputy of the charge was for·his guidance, and if the evidence taken upon the examination ·of the charges warranted the conviction and dismissal of the accused officer, it is entirely immaterial whether his subordinate, the deputy commissioner, made or did not make ·a finding of guilt or of innocence. (L. 1901, ch. 33; L. 1901, ch. 466.) Entirely too much stress has been laid upon the word " trial " in police cases. The investigation of charges against a policeman is not a trial in the ordinary sense of that word. (*People ex rel.* v. *Bd. of Police*, 32 Hun, 112; *People ex rel.* v. *Mayor*, etc., 52 Hun, 483; *People ex rel.* v. *Martin*, 85 Hun, 343; *People ex rel.* v. *Police Comrs.*, 93 N. Y. 97; *People ex rel.* v. *French*, 110 N. Y. 494; *People ex rel.* v. *French*, 119 N. Y. 502; *People ex rel.* v. *McClave*, 123 N. Y. 512; *People ex rel.* v. *Greene*, 179 N. Y. 195; *People ex rel.* v. *Greene*, 179 N. Y. 253; *People ex rel.* v. *Police Comrs.*, 99 N. Y. 676.)

*Louis J. Grant* for respondent. The trial of relator was illegal and void. The deputy commissioner should have determined relator guilty or not guilty. (*People ex rel.* v. *York*, 78 App. Div. 432; 174 N. Y. 533; *People ex rel.* v. *Hamilton*, 84 App. Div. 369.) The determination under review is also void because relator could only be dismissed after conviction by the trial commissioner, whether the deputy or the commissioner himself. (*People ex rel.* v. *Partridge*, 87 App. Div. 573; *People ex rel.* v. *Grady*, 26 App. Div. 592.)

Werner, J. On the 13th day of June, 1901, the relator, then a patrolman on the police force of the city of New York, was charged with violating certain rules of the police department. The charges were heard by one of the deputy police commissioners, and thereafter the police commissioner, who had taken no part in the hearing, found the relator guilty of the misconduct charged against him and made an order dismissing him from the force. The relator appealed from that

1905.]   People ex rel. Garvey *v.* Partridge.   **239**

N. Y. Rep.]   Opinion of the Court, per Werner, J.

order, and the learned Appellate Division annulled the determination of the police commissioner, on the ground that the deputy who had heard the charges had made no finding of guilt upon which the police commissioner's order could be predicated. The police commissioner now appeals to this court, and the single question to be decided is whether the deputy police commissioner in New York city, before whom charges against members of the police force may be examined, heard and investigated, is required to make a written finding of guilt in order to give the police commissioner authority to convict and punish. The learned Appellate Division has held that such a finding is essential to a valid conviction. We are unable to concur in that view. Not only do the pertinent provisions of law seem to exclude any such requirement, but the nature of the proceeding is such as to negative the idea that the police commissioner's authority to convict and punish a delinquent subordinate is, in any sense, dependent upon a previous written finding of guilt by the deputy before whom the charges may be heard.

When this proceeding was instituted, chapter 33 of the Laws of 1901 was in force. It abolished the old police board and vested its powers, duties and functions in a single police commissioner, who was given power to appoint, and at pleasure remove, two deputies to be known as first and second deputy commissioners. The first deputy was authorized to exercise all the powers and perform all the duties of the commissioner in the latter's absence or disability, except the power to make appointments and transfers, and, in the absence or disability of both these officials, the second deputy was given the same powers and duties. The commissioner was authorized to define the duties of the deputies and to delegate to them any of his powers except the power of making appointments and transfers. The statute, after briefly enumerating certain matters not germane to this discussion, further provided that no statute of the state, or ordinance of the city of New York, relating to the police department and not inconsistent with its provisions, should be construed as repealed by its enact-

ment, but should remain in force and effect, to be construed and enforced in harmony with its provisions.

From this brief synopsis of chapter 33 of the Laws of 1901 it will readily be seen that all of the old statutes and ordinances not inconsistent with its provisions, and relating to the discipline of the police department, were continued under the new dispensation which substituted a police commissioner and two deputies for the old police board. During the existence of the police board it had been common practice for one of the commissioners to hear and examine charges against members of the force, and then for the board as a whole to consider the charges, make the findings and pronounce decision. (*People ex rel. Flanagan* v. *Board of Police Comrs.*, 93 N. Y. 97.) Under a single police commissioner this procedure could not be literally followed; but by virtue of the ample power of delegation given to that officer by the statute of 1901, he could authorize a deputy to do what any member of the old board had previously been empowered to do with regard to the hearing, examination and investigation of charges against members of the force. As the relator herein does not question the fact that such power was delegated to the deputy who heard the charges preferred against him, the only point at issue is whether the proceeding is so strictly judicial in its nature that the power of the commissioner to make a decision therein depended upon a previous finding of guilt by the deputy who heard the evidence. Under the statutes and ordinances which, as we have seen, were continued in force by the provisions of chapter 33 of the Laws of 1901, it has been held by this court that the board of police commissioners was not a court, but an administrative body with some *quasi* judicial and disciplinary powers that are not to be hampered or controlled by the application of the strict legal rules which govern trials in courts of justice.

In *People ex rel. Flanagan* v. *Board of Police Comrs.* (*supra*) it was held that " A trial before the board is a mere investigation to maintain the discipline of the police force, which they are empowered to accomplish by the removal of

1905.]    People ex rel. Garvey v. Partridge.    241

N. Y. Rep.]    Opinion of the Court, per Werner, J.

those they adjudge unfit for the position, or by some lighter penalty ranging from mere reprimand up to suspension or forfeiture of pay." And again, in *People ex rel. Weston* v. *McClave* (123 N. Y. 512) this court said: "For the maintenance of the police force in the most efficient state possible, especial powers are conferred upon the commissioners by the statute, and great latitude is allowed them in the exercise of those powers. The tenure of the policeman's office must necessarily be dependent upon his implicit obedience to the disciplinary rules which his superiors establish, and though entitled to a trial upon any charge, involving subjection to punishment, that trial is, practically, simply an examination of the matter, whereat the accused can be present and be heard in defense or excuse. Such an examination is not like a trial in a court of law and, for its legal correctness, it is only required that no rule of law shall have been violated, nor unwarrantable punishment be inflicted." "The commissioners prescribe rules for the government of the force and by which the personal and official conduct of its members shall be regulated. They are empowered to punish a member who is guilty of an offense against the rules they establish, or who is guilty of conduct unbecoming an officer, and the only limitations upon their disciplinary powers is the express one that a trial shall be had upon written charges, and upon a reasonable notice to the accused, and the implied ones that that trial shall be a proceeding fairly conducted; that the decision shall be based upon evidence of the truth of the charges, and that no immunity, or privilege, secured to the accused by the law of the land, shall be violated."

The provisions of the consolidated charter of the city of New York which became a law April 1st, 1901, and went into effect January 1st, 1902, indicate no legislative intention to depart from the rules which, under the old dispensation, had governed proceedings of this character. Chapter 8 of that charter, under the head of "Police Department," contains a codification

16

of the various previous statutes and ordinances relating to the subject, with such amendments as seem to be required by the changed conditions. Section 270 provides for the appointment of a police commissioner who shall be the head of the department. It authorizes the commissioner to appoint two deputies to be known respectively as the first and second deputy commissioners. During the absence or disability of the commissioner the first deputy is invested with all his powers and duties, except the power to make appointments and transfers; and during the absence or disability of both of these officers the second deputy is invested with the same powers. The commissioner is authorized to define the duties of the deputy commissioners and to delegate to either of them any of his powers, except the power of making appointments and transfers. Section 300 authorizes the commissioner to make, adopt and enforce rules, orders and regulations for the government, discipline and administration of the police department and the members thereof; to adopt rules and regulations for the examination, hearing, investigation and determination of charges preferred against the members of the police force; and to provide for the examination, hearing and investigation of such charges by the commissioner or one of his deputies. Section 301 authorizes the commissioner and his deputies to issue subpœnas and subpœnas *duces tecum.* Section 302 authorizes the commissioner (not his deputies), on conviction by him, or by any court or officer of competent jurisdiction, of a member of the force of any criminal offense, or neglect of duty, violation of rules or neglect or disobedience of orders, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer, or any breach of discipline, to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, or by dismissal from the force.

It is obvious that under these sections of the present charter the deputy commissioners are authorized to examine, hear and investigate charges against members of the force, but that the power to convict and punish upon such charges is vested solely ·

in the commissioner, except in his absence or disability, when it devolves upon his deputies in the order of their rank.

It is to be observed that none of these sections contain even an intimation that when charges against a member of the force are examined, heard and investigated by a deputy commissioner, such officer is required to make a formal finding or determination thereon before the commissioner is authorized to render his decision. It is, doubtless, entirely proper for a deputy who presides at such a hearing to make a finding as to the accused officer's guilt or innocence, and such finding will be deemed to have been approved and adopted by the commissioner, unless the decision which he makes is at variance therewith. But the point to be emphasized is that such a finding by the deputy is not essential to the commissioner's right to make the final decision. The hearing and disposition of charges against members of the force necessarily involve the exercise of discretion and judgment. But these are the *quasi* judicial functions of an administrative officer, rather than the strictly judicial functions of a legal tribunal.

We think the order of the Appellate Division should be reversed and the determination of the police commissioner confirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT and VANN, JJ., concur ; O'BRIEN, J., not voting.

Order reversed, etc.