The People of the State of New York ex rel. Patrick A. Meehan, Respondent, v. Francis V. Greene, as Police Commissioner of the City of New York, Appellant.

*Further return to a writ of certiorari — it will not be required to state facts not called for by the writ.*

Under section 2135 of the Code of Civil Procedure a further return to a writ of certiorari is only allowed where the return already made is defective, namely, where it does not comply with the writ.

Consequently, where, in a certiorari proceeding instituted against the police commissioner of the city of New York to review his action in dismissing the relator, a member of the police force of that city, after a trial before the third deputy police commissioner, the writ contains no provision requiring the police commissioner to make a return specifying whether such third deputy police commissioner had or had not been duly authorized or delegated in writing by the police commissioner to try the relator, it is improper for the court to direct the police commissioner to make a further return as to such matters.

Appeal by the defendant, Francis V. Greene, as police commissioner of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of January, 1905, directing the defendant to make and file a further return to a writ of certiorari.

*Terence Farley*, for the appellant.

*Jacob Rouss*, for the respondent.

Ingraham, J.:

The relator presented a petition to the Supreme Court alleging that he had been a member of the police force; that on the 18th day of June, 1903, the petitioner appeared for trial upon certain charges which had been presented against him, and was tried before the third deputy commissioner, was subsequently convicted of the charges and dismissed from the force; that the deputy commissioner did not expressly find the petitioner either guilty or not guilty of the charges; that the said deputy commissioner had not been duly authorized or delegated by the police commissioner in writing to try the petitioner upon the said charges prior to his trial,

and that his dismissal from the police department was illegal, irregular and contrary to law and was not based upon proper, competent or sufficient evidence. He obtained a writ of certiorari requiring the police commissioner to serve and return to the clerk of the court " all and singular the act, acts and proceedings by you had in the premises, and all affidavits, petitions, notices, writings, documents and other proceedings and things before you, together with your action, decision and proceedings in the premises of the removal of Patrick A. Meehan, heretofore a member of the Police Force of the Police Department of the City of New York, at or in any way or manner relating thereto, with this writ."

To that writ the police commissioner made a return setting forth the charges against the relator and the notice of trial; that on the eighteenth day of June, at the time and places mentioned in the notice, the relator duly appeared before the third deputy police commissioner, and the matter having been from time to time duly adjourned was, by and before the third deputy police commissioner who had been previously authorized, duly brought to a hearing and duly tried, heard, publicly examined into and investigated, a copy of the proceedings being annexed; that the third deputy police commissioner found the relator guilty of the charges and recommended that the relator be dismissed from the department, a copy of such recommendation being annexed to the return, and that upon the charges, specifications, testimony, proceedings, findings and recommendations, the defendant as police commissioner of the city of New York approved the findings and recommendations of the third deputy police commissioner and adjudged that the relator was guilty of the charges and dismissed him from the police department of the city of New York.

Upon this return and an affidavit of counsel for the relator an application was made to the Special Term to compel the police commissioner to make a further return specifying whether the deputy commissioner had or had not been duly authorized or delegated in writing by the police commissioner to try the relator upon the charges prior to the relator's trial.

There were affidavits submitted in opposition to the motion, whereupon the court granted the motion requiring the police commissioner to make and file a further and additional return, stating whether the

third deputy police commissioner had or had not been duly author ized in writing by the police commissioner to try the relator upon said charges, and from that order the police commissioner appeals.

Section 2134 of the Code of Civil Procedure provides that the person upon whom a writ of certiorari is served must make and annex to the writ, or to the copy thereof served upon him, a return with a transcript annexed and certified by him of the record or proceedings and a statement of the other matter specified in and required by the writ; and section 2135 of the Code of Civil Procedure provides that if a return is defective the court may direct a further return. Thus a further return is only allowed where the return is defective, namely, where it does not comply with the writ. Now, the writ in this case contains no provision requiring the police commissioner to make a return as to the authority conferred by him upon the deputy police commissioner who tried the case or to answer the allegation of the return. The police commissioner has complied with the writ. He made a return of the acts and proceedings by the commissioner had in the premises, and all affidavits, petitions, notices, writings, documents and other proceedings and things before the commissioner, together with his action, decision and proceedings in the premises; and no further return could be required.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Patterson, McLaughlin and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.