(112 App. Div. 32)

### PEOPLE ex rel. MOYNIHAN v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, First Department. March 23, 1906.)

CERTIORARI—FURTHER RETURN.

A further return to a writ of certiorari to review the action of respondent, the police commissioner, in dismissing relator, a police officer, from the force, so as to include the original charges served on the relator and the finding of the trial commissioner, the deputy police commissioner, will not be required; the return containing the five charges on which relator was tried, and his petition for a further return showing that the original charges consisted of the second, fourth, and fifth of those on which he was tried, and it being shown by the return what the trial commissioner orally found, while it is stated in an affidavit in opposition to the motion for a further return that such trial commissioner made no written finding.

Appeal from Special Term, New York County.

Certiorari, on the relation of Daniel C. Moynihan, against William McAdoo, police commissioner. From an order granting relator's motion for a further return to the writ, respondent appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM. LAUGHLIN, and CLARKE, JJ.

Terence Farley, for appellant.
William C. Dewitt, for respondent.

PATTERSON, J. The order from which this appeal is taken requires the appellant, as police commissioner of the city of New York, to make a further return to a writ of certiorari issued to review his action in dismissing the relator, a police captain, from the police force of the city. The writ directs the respondent to make return of "all and singular the act, acts, proceeding, and proceedings by you had in the premises, and all affidavits, exhibits, documents, testimony, and other proceedings and things before you, together with your action, decision, and proceedings in the removal or dismissal of the said Daniel C. Moynihan, heretofore a member of the police department of the city of New York, to wit, captain of police, had or in any way or manner relating thereto, with this writ." The commissioner made a return to the writ, and therein stated that it and the schedules annexed thereto contained,

as commanded by said writ and directed by statute, "all and singular the proceedings had herein by the police department of the city of New York." It appears by the petition presented on the application for a further return that the relator was tried on or about the 15th of September, 1902, upon charges and specifications before John N. Partridge, then police commissioner of the city of New York, and at the close of the trial an order was made and entered dismissing the petitioner from the police force. A writ of certiorari to review the action of Commissioner Partridge was procured, and, after a hearing, was dismissed by this court; but on appeal to the Court of Appeals that decision was reversed, the writ was sustained, and a new trial of the charges considered by Commissioner Partridge was ordered. On the 19th of December, 1904, the relator was served with a writing purporting to. be specifications and charges, duplicates of the charges and specifications upon which Commissioner Partridge acted; but on the 14th of April, 1905, he was served with another paper, purporting to be amended charges and specifications, and he states that "the said charges were embraced in five specifications, the first and third of which were wholly new and not·contained in the original charges and specifications served on or about September 10, 1902." The relator then sets forth in his petition in extenso the five specifications containing the detail of the respective charges upon which he was to be, and was, tried before the appellant.

The trial of the relator sought to be reviewed under the present writ was had before the deputy commissioner of police, and thereafter the commissioner found the relator guilty, and he was again dismissed from the police force. The return to the present writ does not contain as a separate document the three specifications upon which the relator was tried before Commissioner Partridge, nor does it contain a record of the finding or' recommendation of the deputy commissioner before whom the second trial was conducted. It does contain, however, a copy of the five charges and the five specifications upon which the relator was arraigned at the second trial. By the order appealed from the appellant is required "and directed to make a further return herein, consisting of the original charges and specifications served on the relator by him on or about the 19th day of December, 1904, and also a further return, consisting of the finding made by the trial commissioner (Deputy Commissioner McAvoy) or, if he made no finding, of such fact." The right of a relator in a proceeding of this character to a further return is regulated by statute, and such further return is only allowed where the one already made does not comply with the writ. People ex rel. Meehan v. Greene, 103 App. Div. 393, 92 N. Y. Supp. 1112. What was directed to be returned by the writ now before us has already been stated. All that it requires concerning affidavits, writings, exhibits, and documents is the production of such as were used upon the trial or investigation. The appellant in his affidavit swears that the original charges were not produced on such trial, nor were they offered in evidence, and that they are not part of the record in this proceeding.

There is nothing in the writ which required the appellant to produce papers not used on this second trial. The office of the writ was per-

formed when the appellant obeyed its requirements. But it may be said that the original charges were used on this second trial or investigation, and that the appellant has found the relator guilty upon these charges. In the affidavit of the appellant it is declared that what are called the "original charges" were not considered in the final determination made by him. But, if they were, they are in the record; it is true, not as a separate document but they are identified by the relator in his petition. As before stated, he says that the charges upon which he was tried were embraced in five specifications, of which the first and third were new and not contained in the original charges. It is clear, therefore, that the original charges consisted of the three numbered in Schedule A of the return as the second, fourth, and fifth. If the fact that there were former charges, and their nature and the decision of the commissioner thereon, should become material to the decision of the proceeding, those matters appear without a further return. The return as made to the present writ was sufficient as a compliance with its requirements. Nor do we think the court below was justified in requiring the appellant to make a further return consisting of the finding made by the trial commissioner, or, if he made no finding, of such fact. The trial commissioner did make a finding or determination, and that appears from the return, in which it is stated that, after the termination of the trial, hearing, or investigation, the charges and specifications, testimony taken, and proceedings had were duly considered by the first deputy police commissioner, and it was determined by him, in the exercise of his best judgment and discretion, that the relator was guilty of said charges. Thereafter a finding was made. The commissioner cannot be compelled to make a return of a written finding, if there were no finding in writing, as the appellant states in his affidavit, read in opposition to the motion. He says: "No written finding was made in the present instance." The deputy commissioner before whom the investigation or trial was had was not required to make a finding in writing. People ex rel. Garvey v. Partridge, 180 N. Y. 237, 73 N. E. 4. As no finding in writing was made by the deputy commissioner, none can be returned as part of the record; and what he found orally is stated in the return.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.