PEOPLE ex rel. PARKER v. BINGHAM, Police Com'r.

(Supreme Court, Special Term, New York County.)

1. CERTIORARI—RETURN—SUFFICIENCY.

A return by the police commissioner to a writ of certiorari commanding him to make a return of all proceedings had or things done "in any way or manner relating" to the dismissal of a detective in the police department, which omitted a written finding of guilt and recommendation of dismissal made by the deputy commissioner before whom the detective was tried and a certain diagram used on the trial, was insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, § 131.]

2. SAME—FURTHER RETURN.

Under the express provisions of Code Civ. Proc. § 2135, if a return to a writ of certiorari is defective, the court may direct a further return.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, §§ 139–142.]

Certiorari by the people, on relation of Frederick G. Parker, against Theodore A. Bingham, police commissioner. Motion to compel the Police Commissioner to make a further return to the writ. Motion granted.

Maurice Goodman, for relator.
Francis K. Pendleton, for respondent.

SEABURY, J. This is a motion to compel the police commissioner of the city of New York to make a further return to a writ of certiorari served upon him. The return made is claimed to be defective in that it omits a written finding of guilt and recommendation of dismissal made by the deputy commissioner before whom the relator was tried, and does not contain a diagram of a railroad car which was used upon the trial. After the testimony had been presented on February 14, 1907, the deputy commissioner said: "I close the case and reserve decision." On February 28th the deputy commissioner found the relator guilty as charged and recommended that he be dismissed. On April 23d the hearing was resumed and additional testimony received. On April 30th the police commissioner dismissed the relator from the police force of the police department of the city of New York. In the return which the police commissioner makes to the writ of certiorari, the written finding and recommendation of the deputy commissioner is omitted, as is also the diagram submitted upon

the relator's trial before the deputy commissioner. The fact that the finding and recommendation was made and that the diagram referred to was presented upon the trial is not denied by the police commissioner in his return.

While it is true that the presumption always is that a public official having jurisdiction has acted legally until the contrary appears, and that in proceedings of this character material statements contained in the return must be accepted as true, this rule has no application when the return is insufficient in substance or form. It is insufficient in substance when it does not comply with the terms of the writ of certiorari. The writ of certiorari addressed to the respondent contained the following command:

"We therefore do command you that you certify and send to the office of the clerk of the county of New York, in the county courthouse, in the borough of Manhattan, city of New York, within 20 days after the service of this writ upon you, exclusive of the day of service, all and singular the act, acts, and proceedings by you had in the premises, and all affidavits, petitions, notices, writings, documents, and other proceedings and things before you, together with your action, decision, and proceedings, in the premises of the dismissal of Frederick G. Parker, heretofore a detective sergeant or lieutenant in the police department of the city of New York, at or in any way or manner relating thereto, so that we may further cause to be done thereupon what of right and according to law ought to be done; and have you then and there this writ."

This writ, therefore, commanded the police commissioner to make a return of all proceedings had or things done "in any way or manner relating" to the dismissal of the relator. Such a command leaves no discretion in the police commissioner to determine what proceedings are necessary for a review of his action, but plainly requires that a full and complete return shall be made. As the return made is insufficient, because it does not comply with the writ, the relator is entitled to move the court to compel a further return. Code Civ. Proc. § 2135; People ex rel. Miller v. Wurster, 149 N. Y. 549, 554, 44 N. E. 298; People ex rel. Meehan v. Greene, 103 App. Div. 393, 92 N. Y. Supp. 1112.

Motion granted. Settle order on notice.