In the Matter of FRANK McMAHON, Respondent, against FRANK B. DEVLIN, as Commissioner of Public Safety of the City of Yonkers, Appellant.

(Submitted January 12, 1931; decided February 10, 1931.)

(See 254 N. Y. 397.)

*Paul L. Bleakley* for motion.

*Harry J. Laragh*, Corporation Counsel (*Vincent C. De Carlo* of counsel), opposed.

O'BRIEN, J. Petitioner argues that we overlooked the decision in *People ex rel. Garvey* v. *Partridge* (180 N. Y. 237). Although that case is not mentioned in the opinion, we did not overlook it but gave it thoughtful consideration. It has no application to the facts now before us. There the sole question to be decided was whether a deputy police commissioner of New York city before whom charges could be heard was required to make a written finding of guilt in order to give the police commissioner authority to convict and punish. The answer was in the negative. Under the Greater New York Charter (§ 270) as it then stood, the police commissioner was vested with authority to delegate to either of his deputies " any of his powers " except the power of making appointments and transfers. There is no fact in the *Garvey* case which required a decision that the

commissioner, if he chose, was unauthorized to delegate to his deputy the power not only to hear charges but also to determine them and to make removals. In Judge WERNER's opinion, sections 270, 300, 301 and 302 of the charter are summarized and this language follows: " It is obvious that under these sections of the present charter the deputy commissioners are authorized to examine, hear and investigate charges against members of the force, but that the power to convict and punish upon such charges is vested solely in the commissioner, except in his absence or disability, when it devolves upon his deputies in the order of their rank." There, the commissioner had not, *in fact*, delegated to a deputy the power either to convict or to remove. Those powers which were conferred upon him by section 302 and which by section 270 he could delegate to his deputy, he reserved to himself. Under section 300 of the charter he was authorized to adopt rules and regulations for the hearing and determination of charges preferred against members of the police force and he did so. In conformity with such rules, the deputy conducted a trial of an accused patrolman and the commissioner found him guilty and made the removal. There is no similarity between these cases. The difference in facts distinguishes the principle.

The motion should be denied, with ten dollars costs and necessary printing disbursements.