In the Matter of the Application of WILLIAM HENRY KLINKENBERG, Petitioner, for an Order against LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York, Respondent.

First Department, April 6, 1939.

*Charles McGrath* of counsel [*Robert H. Kilroe*], for the petitioner.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

Cohn, J. Petitioner was dismissed from the police force on November 26, 1937, after a trial. He had been a patrolman for about eighteen years. The charge against him was based upon a violation of rule 230 of the rules and regulations of the police department of the city of New York, which provides: " A member of the Force shall promptly pay his just debts, and shall not incur liabilities which he is unable or unwilling to discharge."

There were two specifications, the first being that he owed $308 upon a money judgment obtained on his failure to pay rent under the terms of an option contract to purchase a one-family house; the second, that he failed to pay to the manager of a chain grocery store an indebtedness of forty-five dollars for merchandise.

When testifying in his own behalf before a trial commissioner, petitioner endeavored to show the efforts he had been making to satisfy these obligations in order to prove that there was no unwillingness on his part to discharge his just debts. The following appears in the testimony: "Q. How did you get in the financial hole? A. By buying furniture and so forth. Your Honor, he says I stopped paying— Q. You owed a lot of money — then you went out and still bought other stuff, furniture and so forth? A. No, Mr. Commissioner, I did not. Q. Your record is that of a chiseler, a dead beat — that is all it is, just peddling your uniform and your shield around and borrowing money that you are unwilling to pay, that you have no intention to pay. A. No, sir. Prior to 1931— Q. That is your record. Your record shows that — you are not kidding us — a man who is going around making all kinds of promises, just a chiseler, dead beat, cheating your way along through life. You can't do that always, you know. A. I am not trying to, I am trying to live within my means. Q. Your record doesn't show that you are trying to do that at all. You are just trying to kid, to fool everybody. A. No, sir, I am not. I have four children and I have been twice in the hospital in the last four years. Three of the children have been born in the last five, every time I thought I was getting on my feet, something else would happen."

From this excerpt of the record of the trial it seems obvious that petitioner was not afforded a reasonable opportunity to defend the charge against him. It will be noted also that at two different places his attempted explanation was abruptly shut off. Petitioner was adjudged guilty on both counts.

When arraigned for punishment, the police commissioner placed petitioner on probation for a period of six months with a direction that he liquidate the two obligations by small semi-monthly payments. However, upon the expiration of the probationary period, as petitioner had failed to make all payments as directed, he was dismissed from the force. There were apparently strong extenuating circumstances which precluded petitioner from making payments as ordered. It appears that during the period of his probation he had been injured while in the performance of his duty and that as a result of the accident he had been receiving half pay for two and one-half months. Though petitioner eventually

recovered this back pay, his financial difficulties before his dismissal were intensified by a serious illness of his wife, who has since died.

The law is settled that a person, upon becoming a member of the police force, must yield obedience to the rules and regulations of such department, and he may be properly dismissed if he violates such rules and regulations. (*People ex rel. Clifford* v. *Scannell*, 74 App. Div. 406; affd., 173 N. Y. 606.) However, he is entitled to a trial fairly conducted upon written charges. We think that in the circumstances of this case the failure on the part of the trial commissioner to afford petitioner an adequate opportunity of giving his own testimony at the trial in support of his defense to the charge against him deprived him of a substantial right. In *People ex rel. Hayes* v. *Waldo* (212 N. Y. 156, at p. 167) the court quoted with approval the following with relation to the conduct of a trial of a member of the police force: " ' The commissioners prescribe rules for the government of the force and by which the personal and official conduct of its members shall be regulated. They are empowered to punish a member who is guilty of an offense against the rules they establish, or who is guilty of conduct unbecoming an officer, and the only limitations upon their disciplinary powers is the express one that a trial shall be had upon written charges, and upon a reasonable notice to the accused, and the implied ones that that trial shall be a proceeding fairly conducted; that the decision shall be based upon evidence of the truth of the charges, and that no immunity, or privilege, secured to the accused by the law of the land, shall be violated.' (*People ex rel. Weston* v. *McClave*, 123 N. Y. 512, 516; *People ex rel. Flanagan* v. *Board of Police Commissioners*, 93 N. Y. 97; *People ex rel. Doherty* v. *Police Commissioners*, 84 Hun, 64; affd. on opinion below, 148 N. Y. 757; *People ex rel. Garvey* v. *Partridge*, 180 N. Y. 237.) "

Although technical rules of evidence do not control at police trials, a finding of guilt should be based upon a proceeding fairly conducted, and one at which the accused is accorded ample latitude when testifying in his own defense.

For the foregoing reasons we conclude that the determination of the commissioner should be annulled and a new trial granted to the petitioner, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Determination unanimously annulled and a new trial granted to petitioner, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.