Joseph Life, J.
Two members of the Nassau County Police Department, officers of the Patrolmen’s Benevolent Association, bring an article 78 proceeding to compel the Commissioner of Police and the County Executive to institute a program of “ rotating days off ” so that members of the department would in turn have days of a weekend free from duty. They allege that the respondents, in failing to institute such a program, have acted arbitrarily and capriciously.
The respondents submit that the police force is divided into IS squads and that the two days in each week in which a patrolman is free of duty depend upon the squad to which he is assigned. The two days off are fixed for one year so that at least from year to year each officer is on a “ rotating basis ” as to days off. The Commissioner in his affidavit states that “Responding to the requests of the P. B. A.” he devised a new duty chart in preparation for the possible institution of a new system whereby the days off would be changed every three months rather than annually but that when one of the petitioners complained about the projected plan the experiment was scrapped. Thus it would appear that in the Commissioner’s own language he “ earnestly tried to meet the P. B. A.” in its demands only to find that he is now charged with having acted arbitrarily, capriciously and illegally.
The petitioners have not replied to the answering affidavit.
“A person who becomes a member of a municipal police department thereby subjects himself to the reasonable rules and regulations adopted by the person or body controlling the department” (62 C. J. S., Municipal Corporations, § 575 [citing Matter of Klinkenberg v. Valentine, 256 App. Div. 638]).
In Matter of Klinkenberg v. Valentine (p. 640), in slightly different language it was .said: “ that a person, upon becoming a member of the police force, mist yield obedience to the rules and regulations of such department ”.
The Nassau County Administrative Code (§ 8-3.0) (L. 1939, chs. 272, 701-709, as amd.) entrusts to the Commissioner “ juris *459 diction and control of the government, administration, disposition and discipline of the police department ’ ’ and authority is given to him to promulgate rules and regulations for such purpose. It is the Commissioner’s task to devise tours of duty for the members of the department which has been described as a quasi-military organization (Matter of Going v. Kennedy, 5 A D 2d 173, 182). Of course this does not mean that the Commissioner may act unreasonably and his authority may be limited by statute. For example, section 1 of chapter 360 of the Laws of 1911, as amended by section 1 of chapter 765 of the Laws of 1956 provide in part that: ‘1 the commissioner of police * * * of each county * * * shall not assign any patrolman thereof * * * to more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no patrolman shall be assigned to more than forty hours of duty during any seven consecutive day period; except in an emergency as described in this section or for the purpose of changing tours of duty.”
Petitioners do not assert that the duty schedule violates this last provision but that the Commissioner has discriminated in that certain patrolmen are obliged to work on every weekend during the year.
The experience, the knowledge, the ability and the judgment of the Commissioner have been recognized by entrusting to him the functioning of a most important division of government. This court cannot and should not substitute his judgment for that of the Commissioner (Matter of Chikofsky v. Thompson, 22 A D 2d 782).
In the absence of either a clear legal right to the relief requested or the violation of a statutory duty an article 78 proceeding in the nature of mandamus does not lie (Matter of Phalen v. Theatrical Protective Union, 27 A D 2d 909, revd. on other grounds 22 N Y 2d 34, cert. den. 393 U. S. 1000; Board of Educ., Union Free School Dist. No. 6 v. Board of Co-op. Educational Serv., 25 A D 2d 864; Matter of Taitt v. Wagner, 26 A D 2d 881).
Petitioners have failed to sustain the allegations of the petition. On the contrary it appears that the duty chart was prepared in the exercise of discretion and with a view 1 ‘ to implement the Commissioner’s control of a tightly disciplined group of employees with special duties and obligations to protect the safety and order of the ” county. (Flood v. Kennedy, 12 N Y 2d 345, 347.) The petition is dismissed.