PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. CERTIORARI — TAX COMMISSIONERS — INSUFFICIENT PETITION — LEAVE TO AMEND.

Code Civ. Proc. § 2133, provides that, after a writ of certiorari has been issued, any order may be made or proceedings taken in the cause as similar proceedings may be taken in an action brought in the same court. Section 723 authorizes the court to amend any process, pleading, or other proceeding by inserting an allegation material to the case. Section 2138 declares that the cause on certiorari must be heard on the writ and return,.

and the papers on which the writ was granted. *Held*, that where a writ of certiorari stated that the relators claimed the right to review the action of tax commissioners on the ground of inequality of assessment, and the papers on which the motion was made showed that the relators intended to allege in the petition facts which would justify a review on that ground, and relators' counsel did not know that the allegations in the petition were insufficient to raise the question of such inequality till long after the petition was filed, leave to amend the insufficient petition so as to include an allegation of facts sufficient to raise the question of inequality in assessment should have been granted.

2. SAME—LACHES.

Where respondents to a writ of certiorari to review the action of tax commissioners took nearly a year to file a return to the petition, and the relators were first apprised of the insufficiency of their petition at the time of such return, and no injury resulted to respondents from the delay, a motion to amend made within three months from such return should not be denied for laches.

8. SAME—COSTS.

Where the relators in certiorari filed an insufficient petition, and after return were given leave to amend, necessitating a new return, the relators should pay the costs of the proceeding.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Certiorari by the people of the state of New York, on relation of the New York Central & Hudson River Railroad Company, against Thomas L. Feitner and others. From an order denying a motion to amend the petition for the writ, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Ira A. Place, for appellant.

James M. Ward, for respondents.

INGRAHAM, J. The relator on July 18, 1899, obtained a writ of certiorari to review the action of the respondents in the assessment for taxation of certain real property of the relator. The writ alleged that:

"Whereas, said petitioner claims * * * that the said assessment is illegal and erroneous by reason of overvaluation, and is erroneous by reason of inequality, in that it is made at a higher proportionate valuation than the assessments of other real estate on the same tax roll, and specifying instances in which the said inequality exists, and the extent thereof, and that said assessment on petitioner's property is unequal, in that, while said property is assessed at the amount stated in said petition, that of other owners of property in said tax district assessed upon said roll is assessed at a lower percentage of its full value on the average, you having assessed the property in said district at a percentage less than one hundred per cent. of its full value, instead of at full value, as the law required, and that such inequality exists not only in specific instances, but generally throughout said tax district."

This writ was granted upon a petition. The respondents filed a return to the writ on May 28, 1900, and on the 15th of November, 1900, the petitioner made a motion to be allowed to amend the petition by adding an allegation, in that—

"All other real property in the city of New York was assessed by said commissioners in the year 1899, for the purposes of taxation for said year, at 63 per cent. of its fair market value, whereas all of the property of your peti-

tioner, owned and leased, mentioned in this petition was assessed at more than 100 per cent. of its fair market value."

The motion was made upon the affidavit of the attorney for the relator, who says that when he drew the petition he understood that the allegation therein was sufficient to fully raise the issue of inequality in the assessment, but that he has been informed that counsel for the commissioners claims that such allegation as is contained in the original petition was not sufficient to properly raise that issue, and that the attorney had been but recently advised that such claim was made, and he therefore desires to amend the petition by making the allegation clear, so that the principal question sought to be determined in this proceeding can be determined, and the relator not thrown out of court on the ground that his allegation was not sufficient to raise the issue which had to be determined in this proceeding. The respondents opposed the application, it was denied, and the relator appealed.

The proceeding upon a writ of certiorari is prescribed by the Code of Civil Procedure. Section 2133 provides that:

"After a writ of certiorari has been issued, the time to make a return thereto may be enlarged, or any other order may be made, or proceeding taken, in the cause, in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action, brought in the same court, and triable in the county where the writ is returnable."

The court, therefore, had in this proceeding power to make amendments as in an action, and under section 723 of the Code the court has the power to amend any process, pleading, or other proceeding by inserting an allegation material to the case. By section 2138 of the Code it is provided that the cause must be heard upon the writ and return, and papers upon which the writ was granted. The writ states that the relator's claim was to review the action of the tax commissioners upon the ground of inequality in the assessment; and it appeared from the papers upon which this motion was made that the relator intended to allege in the petition the facts which would justify a review of the determination of the commissioners upon that ground. It also appeared that counsel for the relator did not understand that the allegations of the petition were not sufficient to raise that question until upon the hearing of a motion at special term, in August, prior to making this motion, counsel for the respondents insisted that the allegations of the petition were not broad enough to justify the court in reviewing the inequality of the assessment. The respondents did not raise this point of the insufficiency of the petition by a motion to quash the writ, but filed a return without taking the objection, and it would seem that this application was made within a reasonable time after the objection was first formally taken. No new cause of review is alleged, but the petition is so amended as to include an allegation of inequality of the assessment, to enable the relators to have the real question brought up for review. It seems to me that this was just what was contemplated by the provisions of the Code giving the power to amend, and I can see no reason why it should not have been granted. The fact that the motion was not made until November certainly is not

such laches as would justify the court in denying the application. As before stated, the point was not taken by the respondents until August, and the motion was made within three months thereafter. The respondents took nearly a year to file their return. It is not alleged that the respondents have been in any way prejudiced by this delay of three months in making the motion. Certainly three months, considering the fact that a part of it fell within the summer vacation, is not an unreasonable time to determine whether or not such a motion should be made, and to prepare the papers necessary for its proper presentation to the court. While laches is always a ground for denying such a motion, the delay here shown is not such laches as would justify the court in denying the motion. As, however, the respondents claim that a new return will be required, the relators should pay the costs of the proceeding.

The order appealed from is therefore reversed, and the motion granted, upon the relators paying $50 costs of this proceeding to the respondents; the respondents to have the right to file a new return.

O'BRIEN and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I think there was laches.   I dissent.