(39 Misc. Rep. 602.)

PEOPLE ex rel. TABER PRANG ART CO. v. WELLS et al., Tax Com'rs.

(Supreme Court, Special Term, New York County. January, 1903.)

1. ASSESSMENTS—REVIEW BY CERTIORARI—LIMIT OF TIME.

A proceeding by certiorari to review or correct a final determination of the board of taxes and assessments is begun, within the meaning of Laws 1901, c. 466, § 906, providing that such proceedings "may be begun at any time before the first day of November, in the year in which the determination sought to be reviewed or corrected has been made," where a petition for the writ is presented and an order for its issue granted, and it is not necessary that the writ be served before November 1st.

Certiorari by the people, on the relation of the Taber Prang Art Company, against James L. Wells and others, commissioners of taxes, etc. Motion to quash the writ denied.

Sutro & Wright (Theodore Sutro, of counsel), for relator.

George L. Rives, Corp. Counsel (E. C. Kindleberger, of counsel), for respondents.

SCOTT, J. This is a motion to quash a writ of certiorari, and the single point involved is whether or not the proceeding was begun in time. Prior to the passage of chapter 466, Laws 1901, amending the Greater New York Charter, much discussion and some confusion had arisen as to the time within which certiorari proceedings to review an assessment for taxation must be instituted. It was held in a number of cases by the Appellate Division that the 15-day limit prescribed by section 251 of the general tax law did not apply, and it was generally held that the limitation of four months should be applied by analogy to the provisions of section 2125 of the Code of Civil Procedure regulating the procedure relative to the writs of certiorari provided for by the Code. This view has never been definitely adopted by the Court of Appeals. In People ex rel. Thomson v. Feitner, 168 N. Y. 441, 61 N. E. 763, the court expressly declined to pass upon it, but held, as the writ had actually been issued and served within four months, this, under the circumstances of the case, was sufficient. In People ex rel. Central Gas Co. v. Wells, where the writ was served many months after the confirmation of the assessment, the writ was quashed at Special Term, and the order was affirmed at the Appellate Division (77 N. Y. S. 1136) and the Court of Appeals (64 N. E. 1124). No opinion, however, was written in either court, and it is impossible to say whether the affirmance went upon the ground that the writ was applied for more than four months after the confirmation, or upon the ground that no definite time to apply for the writ was fixed by law, but that the relator had been guilty of gross laches, as clearly it had been. By chapter 466, Laws 1901, the Legislature has undertaken to set the question at rest, by adding to section 906 of the charter, being the section providing for certiorari to review the action of the tax commissioners, the following:

"Such certiorari and all proceedings thereunder may be had and taken in the judicial district where such real estate is situated, and may be be-

gun at any time before the first day of November in the year in which the determination sought to be reviewed or corrected has been made."

In the present case the relator presented and filed his petition for the writ, and the court ordered the writ to issue on October 31st, but the writ was not actually served upon any of the respondents until November 15th. The writ is returnable on the first Monday of December. The question then is whether the proceedings were begun by the presentation and filing of the petition, or whether in order to begin them it was necessary that the writ should actually be served before November 1st. Section 2125 of the Code of Civil Procedure provides that a writ of certiorari issued under the provisions of the article of which the section forms a part must be granted and served within four calendar months after the determination to be reviewed becomes final and binding, and it is argued by the respondents that this section should be deemed applicable to writs issued under section 906 of the charter. The first observation which presents itself respecting this contention is that the language of the two sections is very different. The Code says nothing about the beginning of the proceeding. It merely provides that certain steps in the course of the proceeding shall be taken within the given time, to wit, that the writ must be both granted and served. It is well settled that the certiorari provided for by the general tax law and section 906 of the charter is an entirely different proceeding from the Code writ. If, therefore, reference is to be had to any other act than the section of the charter itself, to ascertain what the Legislature intended by the provision that the proceeding must be begun in a certain time, that reference should be had to the general tax law, which regulates in all other respects the practice under writs like the present. Section 251 of that act, which establishes the statute of limitation of certioraries to review tax assessments, provides that the petition must be presented to a justice of the Supreme Court or to the court within a specified time. So far as the general law is concerned, therefore, the presentation of the petition is deemed the commencement or beginning of the proceeding, and I see no reason to doubt that the intention of the Legislature is fully satisfied, and the charter complied with, if a petition is presented and the order granted for the issuing of the writ before the 1st day of November. That no definite time is fixed for the service of the writ, and that service may be delayed until very shortly before the return day, is unimportant, since the court has always power to enlarge the respondents' time to make return, a power which is commonly exercised with great liberality. For these reasons I conclude that the proceeding was seasonably begun, and the motion to quash must therefore be denied.

Motion denied.