(125 App. Div. 673.)

PEOPLE ex rel. SYPERREK v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. MUNICIPAL CORPORATIONS—DISMISSAL OF POLICEMAN—REVIEW—CERTIORARI—LIMITATIONS—"INSTITUTED."

A proceeding by certiorari to review the dismissal of a patrolman is instituted when the petition is presented to the court, and not when the writ is served, under Greater New York Charter, Laws 1901, p. 129, c. 466, § 302, providing that such proceedings shall be instituted within four months after the decision sought to be reviewed.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3660, 3661.]

2. CERTIORARI—PETITION—AMENDMENT.

An amendment to a petition for writ of certiorari, allowed two years and three months after allowance of the original writ, which does not change the averments in the original petition, but states in detail one of the particulars on which they were based, is not an amendment designed to change the cause of action, and, being made before respondent filed his return, was properly allowed.

3. SAME—IRREGULARITIES.

The objection that an amendment to a petition for certiorari was improperly allowed must be by motion to quash and not by an averment in the return, since it presents an original question which must be heard at the Special Term.

4. MUNICIPAL CORPORATIONS—OFFICERS—POLICE—REMOVAL OF POLICEMEN.

While the power to convict and punish a patrolman for conduct unbecoming an officer is vested solely in the police commissioner, he may do so upon evidence taken at a hearing before a deputy commissioner and reported to him, but a dismissal by the police commissioner without passing on the evidence of guilt himself, but only on a report of a deputy commissioner that he had found the officer guilty, is improper.

Certiorari by Henry E. Syperrek against William McAdoo, police commissioner of city of New York, to review a determination dismissing relator from the police force of New York City. Writ sustained.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

C. E. Hunter, for appellant.
James D. Bell, for respondent.

RICH, J. This is a proceeding by certiorari to review the action of the respondent in dismissing the relator, a patrolman, from the New York police force. The dismissal was on March 2, 1905. Section 302

of the charter of Greater New York (Laws 1901, p. 129, c. 466) provides that no proceeding shall be brought to procure the restoration or reinstatement of a police officer "unless said proceeding shall be instituted within four months after the decision or order sought to be reviewed." July 2d, the last day of the four months so allowed, fell on Sunday. On Saturday, July 1st, the relator's petition was presented to the Supreme Court, and a writ of certiorari was allowed and served on the respondent Monday, July 3d. It is argued by counsel for the respondent that the proceeding was not commenced within the four months limited by the charter. This contention is based upon the fact that the writ was not served until July 3d, and that until such service was made the proceeding was not commenced. In this contention we think counsel is in error, and that the proceeding was "instituted" within the meaning of the statute when the petition was presented to the court July 1st, without reference to the time of the service of the writ (People ex rel. Taber Prang Art Co. v. Wells, 39 Misc. Rep. 602, 80 N. Y. Supp. 610); but, were this not so, under the decision of this court in Ryer v. Prudential Ins. Co., 85 App. Div. 7, 82 N. Y. Supp. 971, the respondent's contention is without merit.

It is next urged that the amendment allowed to the petition and writ was without authority and improper, and must be disregarded because allowed two years and three months after the allowance of the original writ, and is, within the decision of People ex rel. Collins v. Ahearn, 120 App. Div. 95, 104 N. Y. Supp. 860, equivalent to the commencement of a new proceeding which the four-month limitation had barred. There are several answers to this contention: First. In the case cited, the original petition did not contain sufficient allegations to warrant the relief demanded, and the effect of the amendment was to first allege the facts upon which the relator relied when the amendment was allowed. It was the same as an amendment to a complaint designed to change the cause of action, or for the first time to state a cause of action, made after issue joined. No such conditions are presented in the case at bar. The original petition avers, among other things, that the trial was improperly held, and that the proceedings were not in accordance with law in such cases made and provided, and that the petitioner was dismissed summarily, arbitrarily, unlawfully, and without due process of law. The amendment in no manner changed these averments, but stated in detail one of the particulars upon which they were based, and this before the respondent had filed his return, which brings the case within the principles declared in People ex rel. N. Y. C. & H. R. R. R. Co. v. Feitner, 58 App. Div. 343, 68 N. Y. Supp. 1058. Second. If the amendment was improperly allowed, the proper practice would have been for the respondent to move at Special Term to quash the writ. He cannot raise that issue by an averment in his return. Such matter is no part of a return to a writ of certiorari, and presents an original question to the Appellate Division for determination. We can only hear the merits. All incidental motions must be heard at the Special Term. People ex rel. McNeary v. McLean, 64 Hun, 205, 19 N. Y. Supp. 56. While the hearing was before a deputy commissioner, the power to convict and punish the relator was vested solely in the respondent; his absence or disability not being shown.

People ex rel. Garvey v. Partridge, 180 N. Y. 237, 73 N. E. 4. The proceeding authorized is analogous to the reference of a controverted question of fact arising upon a contested motion in the Supreme Court in which a referee takes and reports the evidence, together with his opinion; and as the court must, notwithstanding such reference, determine and adjudicate the facts from the evidence returned by the referee, so must the police commissioner in a proceeding of this character determine the facts, and convict or acquit the accused upon the evidence taken by the deputy commissioner. People ex rel. Voss v. Greene, 183 N. Y. 483, 76 N. E. 614. By the return in this proceeding, the respondent admits that the testimony taken by the deputy upon the hearing of the charges against the relator had never been written out or transcribed, that he did not have before him any of the written testimony of said trial at the time he dismissed the relator, and that such dismissal was made without any examination of the evidence taken upon the hearing. The only thing connected with said hearing shown to have been before the respondent, or considered by him in determining the guilt of the relator, is the following report of the deputy, made more than two months after the termination of the hearing:

"It appearing from the evidence adduced before me in this case that Henry E. Syperrek was guilty of conduct unbecoming an officer, I find him guilty as charged; and I hereby recommend that he cease to be a member of the police department of the city of New York, and that he be dismissed therefrom.
                    "Harris Lindsley, Third Deputy Commissioner."

The two charges returned are for conduct unbecoming an officer in feigning sickness, one on November 22 and the other on November 23, 1904. The decision of the commissioner was based upon the report of the deputy. He was without authority or power to convict the relator without having the evidence given upon the hearing before him. The conviction was based upon a mere report of the deputy commissioner that he found relator guilty as charged and recommended his dismissal, and cannot be upheld.

The writ of certiorari is sustained, the determination of the respondent as police commissioner reversed, the conviction and dismissal of the relator set aside, and his reinstatement ordered, with $50 costs and the disbursements of this appeal to the relator. All concur.