THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. DENNY O'NEIL, as Receiver for the PITTSBURGH LIFE AND TRUST COMPANY, Respondent, *v.* LAWSON PURDY and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.   (Taxes of 1917.)

First Department, June 13, 1919.

Taxes — assessment — certiorari to review — assessment in New York city — construction of section 290 of Tax Law and section 906 of Greater New York charter — necessity for conforming strictly to statute — review on ground of inequality — necessity for stating specific instances in petition — effect where instances stated in original application — amendment of petition to show instances after time within which petition for writ could have been made.

There is no inconsistency between the provisions of section 290 of the Tax Law and section 906 of the Greater New York charter relating to a review by certiorari of the final determination of the board of taxes and

assessments; they relate to the same subject-matter and must be read together and their requirements met.

The whole proceeding for a review of an assessment is statutory and technical, and in order to avail of the statute the person aggrieved must conform to its requirements and manner of procedure.

A petition for a writ of certiorari under section 906 of the Greater New York charter to review an assessment on the ground of inequality, must, as required by the statute, specify the instances in which such inequality exists.

The fact that specific instances of inequality were alleged at great length in the original application to the commissioners and could have been considered by them, does not excuse the omission to make the specifications in the petition for the writ.

It is not enough that general allegations, if proved, might show the inequality; the particulars must be given, to the end that they may, if possible, carry conviction as to the rights of the petitioner and thus avoid needless litigation by the commissioners.

The omission to make the specifications required by statute constitutes a jurisdictional defect.

An amendment to a petition for a writ of certiorari may be granted after the time within which the statute allows a certiorari proceeding to be instituted only where it does not involve the setting up of a jurisdictional fact.

Therefore, a petition for a writ of certiorari under section 906 of the Greater New York charter to correct an assessment cannot be amended after the first day of July, the time limited by the statute for the commencement of the original proceeding, for the purpose of specifying instances in which inequality exists.

APPEAL by the defendants, Lawson Purdy and others, as commissioners, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1919, denying their motion to quash the writ of certiorari herein and granting the relator's motion to amend the petition for said writ.

*William H. King* of counsel [*Eugene Fay* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellants.

*Finis E. Montgomery,* for the respondent.

PHILBIN, J.:

This proceeding was instituted on June 27, 1917, by writ of certiorari to review the assessed valuation for the year 1917 of real estate situated in the borough of Manhattan.

The defendants moved, by petition dated June 12, 1918, to quash the writ on the ground that the petition upon which the writ was issued does not allege facts sufficient to show the relator to be entitled to any relief from the assessment complained of, by reason of illegality, overvaluation or inequality; that the writ was inadvisedly granted; and that the court was without jurisdiction in the premises. The relator, upon a petition dated June 13, 1918, made a counter-motion to amend the original petition so as to set forth specific instances of inequality. The two motions were heard at the same time.

The court, by the order appealed from, denied the motion to quash the writ and granted the motion to amend the petition upon condition that relator pay twenty-five dollars costs and serve an amended petition inserting, at the end of paragraph 6, a statement of the *specific instances* of such alleged inequality. The precise form of the amendment is set forth in the order and specifically mentions various buildings in the vicinity of the property in question and the rate at which they are respectively assessed. Paragraph 6, as set forth in the original petition, reads as follows:

" Your petitioner further alleges, upon information and belief, that the said assessment for the year 1917 was erroneous by reason of inequality, in that the building thereon erected was assessed at or about the rate of $0.50 per cubic foot of space, whereas numerous other buildings of like character in the same ward and section, and of equal or greater value and cost of construction, were assessed at rates ranging from $0.31 to $0.38 per cubic foot of space; and that he is and will be injured thereby."

Section 906 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455) provides as follows: " A certiorari to review or correct on the merits any final determination of the board of taxes and assessments shall be allowed by the Supreme Court or any justice thereof, directed to the commissioners of taxes and assessments on the verified petition of the party aggrieved, but only on the grounds which must be specified in such petition, that the assessment is illegal, and giving the particulars of the alleged illegality, or that it is erroneous by reason of overvaluation,

488  People ex rel. O'Neil v. Purdy.

First Department, June, 1919.          [Vol. 188.

or in case of real estate, that the same is erroneous by reason of inequality, in that the assessment has been made at a higher proportionate valuation than the assessment of other real estate of like character in the same ward or section or other real estate on the tax-rolls of the city for the same year, *specifying the instances in which such inequality exists, and the extent thereof*, and stating that he is or will be injured thereby. Such certiorari and all proceedings thereunder may be had and taken in the judicial district where such real estate is situated, *and may be begun at any time before the first day of July following the time when the determination sought to be reviewed or corrected was made.*"

The foregoing section is substantially the same as section 290 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], as amd. by Laws of 1916, chap. 323), except that the latter provides no period of limitation within which proceedings for review must be instituted. There is no inconsistency between the provisions of the two statutes. They relate to the same subject-matter and must be read together and their requirements met. It will be noticed that where a person seeks to review on the ground of inequality, he must set forth *instances* of the alleged inequality; also that the certiorari must be instituted on or before the first day of July following the determination sought to be reviewed.

The application herein to review the assessed valuation is principally based on the ground of inequality, but even if it could be considered as founded on a claim of overvaluation it fails to comply with the requirements of the charter. The Special Term dealt only with the question of inequality in granting the amendment. The learned court stated that it had no doubt that the petition did not properly raise the issue of inequality, in that there was a failure to specify the specific instances in which the inequality was claimed to exist; that to give due effect to the statute it must be held that the petition failed to raise such issue. The court was of the opinion, however, that the allegations in said paragraph of the petition as to the rate at which the building under consideration was assessed and the rate at which numerous other buildings were assessed at the same time, if true, might lead to the conclusion of law that the assessment

on the relator's property was erroneous. The view was taken that since the petition contains facts sufficient to show inequality the motion to amend should be granted even though the petition did not comply with the statute.

It cannot be said that the objection taken to the petition is merely a technical one, but, even if so, the whole proceeding for a review of assessment is statutory and technical, and in order to avail of the statute the person aggrieved must conform to its requirements in matter of procedure. (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; affd., 222 N. Y. 657.) The fact that specific instances of inequality were alleged at great length in the original application to the commissioners and could have been considered by them, does not excuse the omission to make the specifications in the petition as required by the statute. The said application was not made part of the petition. The clear design of the statute is that before the commissioners shall be called upon in legal proceedings to sustain their determination they shall be definitely informed by petition, in the form prescribed by law, of the grounds upon which the proceeding is based and the facts upon which petitioner relies to sustain his claim that the assessment is contrary to law. It is not enough that general allegations, if proved, might show the inequality; the particulars must be given, to the end that they may, if possible, carry conviction as to the rights of the petitioner and thus avoid needless litigation by the commissioners. The omission to make the specifications required by the statute constituted a jurisdictional defect. (*People ex rel. Coney Island Jockey Club* v. *Purdy,* 152 App. Div. 175; affd., 207 N. Y. 695; *People ex rel. Mills* v. *Purdy,* N. Y. L. J. April 23, 1909; affd., 139 App. Div. 907; *People ex rel. Allen* v. *Badgley,* 138 N. Y. 314; *People ex rel. Stewart* v. *Feitner,* 95 App. Div. 481; *People ex rel. Mandel* v. *Purdy,* 173 N. Y. Supp. 769.) It will be noted that leave to amend was granted long subsequent to July 1, 1917, the latest date under the charter on which proceedings for review might be instituted. An amendment to a petition may be granted after the time within which the statute allows a certiorari proceeding to be instituted only where it does not involve the setting up of a jurisdictional fact. (*People ex rel. Warren* v. *Purdy,* N. Y. L. J. Feb. 25, 1915; affd., *sub nom.*

*Matter of Warren* v. *Board of Taxes & Assessments,* 171 App. Div. 936.) The motion to amend, made after the expiration of the period of limitation and for the purpose of inserting jurisdictional facts, should have been denied and the motion to quash the writ granted.

The authorities cited by relator in support of his contention have no application. In *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Feitner* (58 App. Div. 343), where the court allowed an amendment of an allegation of overvaluation, no motion was made to quash the writ. The motion to amend was made after the defendants had filed a return. The court said, at page 345: " The respondents did not raise this point of the insufficiency of the petition by a motion to quash the writ, but filed a return without taking the objection, and it would seem that this application was made within a reasonable time after the objection was first formally taken."

The inference to be drawn is that if a motion to quash the writ had been seasonably made the same would have been granted. (See, also, *People ex rel. Gleason* v. *Purdy,* 223 N. Y. 88, 91.) In *People ex rel. Syperrek* v. *McAdoo* (125 App. Div. 673) an amendment was allowed which did not present any jurisdictional facts. The court had acquired jurisdiction. There was no motion to quash the writ, but the question was raised in the return.

The order should be reversed, with ten dollars costs and disbursements, and the motion to amend the petition denied, and the motion to quash the writ granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, motion to amend petition denied, and motion to quash writ granted.