No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

GEORGE T. MAXWELL and CANTINE T. SCOVILLE, Appellants, v. LILA S. SCOVILLE, as Executrix, etc., and Others, Defendants, Impleaded with LILA FRANCES SCOVILLE, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

FRANK J. McGOWAN, Respondent, v. P. BALLANTINE & SONS, Appellant. — Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the verdict was against the weight of the evidence. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

MARY McLAUGHLIN, as Guardian ad Litem of MICHAEL EDWARD McLAUGHLIN, an Infant, Respondent, v. MAX KORNBLUM, Appellant.— Judgment and order of the County Court of Kings county unanimously affirmed, with costs. No opinion. Present — Mills, Rich, Putnam, Kelly and Jaycox, JJ.

JOHN G. McNALLY, Respondent, v. SAMUEL APPEL COMPANY, Appellant. — The evidence amply justified the finding of negligence upon the part of the appellant. Plaintiff had the right, in a measure at least, to rely on the presumption that the driver of the automobile would obey the law and would not enter the prohibited zone within eight feet of the street car, and if the plaintiff had seen the approaching automobile he still could have relied on the presumption that it was slowing down with the intention of stopping in obedience to the law. (Code of Ordinances of the City of New York, chap. 24, art. 2, § 17, subd. 3; Crombie v. O'Brien, 178 App. Div. 807.) Judgment and order unanimously affirmed, with costs. Present — Mills, Rich, Putnam, Kelly and Jaycox, JJ.

THE MOTOR HAULAGE COMPANY, INC., Respondent, v. THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

JOHN MURPHY, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

NEW YORK LIFE INSURANCE COMPANY, Plaintiff, v. MARIE TUR and Others, Defendants. BERNARD DAVIS, Appellant; WILLIAM WILLS, as Receiver, Respondent.— Order affirmed on resubmission, with ten dollars costs and disbursements. No opinion. Mills, Rich, Putnam and Kelly, JJ., concurred; Blackmar, J., dissented on the ground that, in the state of the proof, especially in view of the fact that the assignment was under seal, he thinks the court should not pass upon it without sending it to a referee to take further proof and report, with his opinion.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WATSON B. DICKERMAN, and Another, as Trustees, etc., Respondents, v. GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground

that the petition is insufficient as to the claim of overvaluation, because the extent of overvaluation is stated in the aggregate for both parcels assessed, not separately for each; and as to inequality because the instances in which said inequality exists are not specified. (See *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175; affd., 207 N. Y. 695.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GRACE D. THORNE and Others, Respondents, v. GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements, upon the ground that while the petition is insufficient to set up the claim of inequality (See *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175; affd., 207 N. Y. 695), it is sufficient to set up a claim of overvaluation. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY C. WARD and Others, as Executors, etc., Respondents, v. GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the petition is insufficient as to the claim of overvaluation, because the extent of overvaluation is stated in the aggregate for both parcels assessed, not separately for each; and as to inequality because the instances in which said inequality exists are not specified. (See *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175; affd., 207 N. Y. 695.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

WILLIAM J. SAGER, Respondent, v. NEW YORK RAILWAYS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

NELSON SHAFFER, Appellant, v. CHARLES E. LEWIS and FRANK C. LEWIS, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

GEORGE I. SKINNER, Substituted in Place of GEORGE C. VAN TUYL, JR., as Superintendent of Banks of the State of New York, Respondent, v. DAVID A. SULLIVAN and Others, Defendants, Impleaded with HOME BANK OF BROOKLYN and WILLIAM A. MAIN, Appellants.— Reargument ordered, and case set down for Monday November 10, 1919. Present — Mills, Rich, Putnam and Blackmar, JJ.

MARTIN STELLJES and ANNA J. STELLJES, Appellants, v. NORTH SIDE BANK OF BROOKLYN, Respondent.— Order affirmed, with ten dollars costs and disbursements. In the absence of any allegation in the complaint that plaintiffs have paid the $8,000 secured by the bond and mortgage, it is difficult to perceive upon what theory their demand is based. Nor is there any allegation of return or tender of the note, the amount of which