THE PEOPLE OF THE STATE OF NEW YORK ex rel. GRACE D. THORNE and Others, Respondents, v. GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements, upon the ground that while the petition is insufficient to set up the claim of inequality (See *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175; affd., 207 N. Y. 695), it is sufficient to set up a claim of overvaluation. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY C. WARD and Others, as Executors, etc., Respondents, v. GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the petition is insufficient as to the claim of overvaluation, because the extent of overvaluation is stated in the aggregate for both parcels assessed, not separately for each; and as to inequality because the instances in which said inequality exists are not specified. (See *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175; affd., 207 N. Y. 695.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

WILLIAM J. SAGER, Respondent, v. NEW YORK RAILWAYS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

NELSON SHAFFER, Appellant, v. CHARLES E. LEWIS and FRANK C. LEWIS, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

MARTIN STELLJES and ANNA J. STELLJES, Appellants, v. NORTH SIDE BANK OF BROOKLYN, Respondent.— Order affirmed, with ten dollars costs and disbursements. In the absence of any allegation in the complaint that plaintiffs have paid the $8,000 secured by the bond and mortgage, it is difficult to perceive upon what theory their demand is based. Nor is there any allegation of return or tender of the note, the amount of which