In the Matter of the Application of GEORGE TOMBINI, Petitioner, for the Determination of the Court as to Designating Petition. THE COMMITTEE TO FILL VACANCIES, Composed of DANIEL E. FINN, JR., and Others, Respondent.*

Supreme Court, Special Term, New York County. September 3, 1941.

*Benjamin Gassman* and *Thomas C. Chimera* [*Joseph P. Timpone* and *Joseph J. Cella* of counsel], for the petitioner.

*Elmer F. Quinn* [*A. L. Sainer* of counsel], for the committee to fill vacancies, respondent.

WALTER, J. In this proceeding, brought under subdivision 1 of section 330 of the Election Law, to invalidate a designating petition, the objection is raised *in limini* that the court is without jurisdiction because the proceeding was not " instituted within fourteen days after the last day to file petitions " as required by subdivision 1 of section 330. The petition was presented to a justice of the court and an order to show cause thereon was signed within the fourteen days, but service thereof was not made until after the expiration thereof. The question, therefore, is what constitutes the " institution " of the proceeding.

---

*Affd., 262 App. Div. 956.

The matter being one of " civil practice," and there being no other express provision upon the subject, the Civil Practice Act controls. (Civ. Prac. Act, § 1.) It is there expressly provided, in two different sections, that actions are commenced by the service of the summons — not its issuance (Civ. Prac. Act, §§ 16, 218), and as to at least one of those sections (the one dealing with limitation as to time) it is expressly provided that it applies also to special proceedings. (Civ. Prac. Act, § 10.) Special proceedings are also assimilated to actions in rule 21 of the Rules of Civil Practice. In *Schram* v. *Keane* (279 N. Y. 227, 233), in discussing the question when an action is commenced, the court stated that " There can be no ' prosecution * * * by a party against another party ' until the defendant has been summoned to answer the complaint," and as a special proceeding is defined as a " prosecution by a party against another party in a court of justice which is not an action " (Gen. Constr. Law, § 46-a) it seems manifest that there can be no special proceeding until the adverse party has been served with the process which brings him into court. I thus see no escape from the conclusion that a special proceeding is instituted, just as an action is commenced, by service of the process and not by its mere issuance.

That is the rule asserted in *Smith* v. *First National Bank* (103 Misc. 274, 279) and *Entenberg* v. *Goodman* (153 id. 205), and I think *Hill* v. *Hill* (124 id. 102) is to the same effect. It is true that in the beginning of the opinion in *Hill* v. *Hill* (*supra*), the proceeding is spoken of as having been commenced by the filing of a petition and the issuance of an order to show cause (p. 103), but when the court reached the point of making a decision as to its jurisdiction it was the service of the order which was spoken of as the thing which gave jurisdiction (p. 105).

It of course is true that the granting of a provisional remedy marks the commencement of an action subject to the condition that the summons be afterwards served, and that the Statute of Limitations, therefore, ceases to run when the provisional remedy is granted (Civ. Prac. Act, § 825; *Schram* v. *Keane, supra*), but the granting of the order to show cause upon the petition in this proceeding clearly was not the granting of a provisional remedy. It was a mere substitute for the ordinary notice of motion, made necessary by the need for prompt action in election matters and by the requirement in section 335 of the Election Law that the court or judge direct what notice shall be given. It certainly would be an anomaly if the act of directing what notice should be given of a proceeding itself operated to institute that proceeding.

It is also true that delivery of a summons to a sheriff for service sometimes is equivalent to the commencement of an action (Civ. Prac. Act, § 17), but there is here no claim that the order to show cause in this case was delivered to a sheriff for service within the fourteen days specified in section 330 of the Election Law.

*People ex rel. Taber Prang Art Co.* v. *Wells* (39 Misc. 602) related to a writ of certiorari which the court then thought was governed by the Tax Law rather than the Code of Civil Procedure, and the Tax Law specifically required presentation of the petition within a prescribed time. *People ex rel. Syperrek* v. *McAdoo* (125 App. Div. 673) likewise related to a writ of certiorari, and while approval apparently was given to the case last cited, the decision actually rested upon the ground that the time to institute the proceeding was extended to the Monday on which the writ was served.

In *Matter of Bewley* (138 Misc. 108) the conclusion apparently was reached that in a proceeding under the Election Law actual service within the prescribed time was not essential. As already indicated, that conclusion seems to me to be inconsistent with the express statutory provisions to which I have called attention, but in addition to that the Legislature, since that decision was rendered, has made the express enactment that " A motion is made when a notice thereof or an order to show cause is duly served." (Civ. Prac. Act § 113, as amd. by Laws of 1941, chap. 266, effective April 12, 1941.) Service is thus essential to the " commencement " of an action and to the " making " of a motion. I cannot believe that less is essential to the " institution " of a special proceeding. On the contrary, I think it would be unfortunate to have one rule for actions and motions and another rule for special proceedings.

After orally announcing the conclusion at which I have arrived upon this question, counsel for petitioners urged that I nevertheless take his evidence, so that the entire matter might be reviewed on appeal. After taking all evidence offered except a requested comparison of about 160 signatures (the examination of which would not of itself change the result) I reached the conclusion that there was no such fraud attributable to the candidates whose designations were attached as would warrant a rejection of the petition.

The proceeding is accordingly dismissed.