Domenick L. Gabrielli, J.
The petitioner seeks a review of the 1963 assessment of its property in the Town of Brighton.
A reading of the petition clearly indicates that this proceeding is brought only upon the theory of the inequality of petitioner’s assessment.
Section 512 of fhe Beal Property Tax Law provides: 1‘ Complainants shall file with the assessors at any time prior to the meeting of the board of review * * * at such meeting, a statement, under oath, specifying the respect in which the assessment complained of is illegal, erroneous or unequal” (italics mine).
A written statement or ‘ ‘ protest ’ ’ was timely filed by the petitioner on grievance day, but it was barren of any claim of inequality. Despite its present claim, the petitioner failed to reply to or answer Question No. 9 on the “protest” as filed which stated “ If you claim inequality of assessment as compared with other properties, state them and give detail analysis of each property and of comparison.”
In paragraph ‘ ‘ Fourth ’ ’ of the petition before the court, the petitioner alleges “ that the petitioner did not answer question #9 contained on said form regarding the claim of inequality of assessment, as. petitioner felt the question to be improper and irrelevant.” It might be well to here add that on the statement, as required by section 512 of the Real Property Tax Law, the petitioner did not raise any objection upon the ground of illegality.
This proceeding is challenged by the Assessment Board of Review which asks for an order of dismissal upon the grounds that the petition is insufficient, and that, because of statutory defects in the proceeding and its supporting papers, there is no jurisdiction for any judicial intervention or review.
The question to be determined is whether or not an application in this form is sufficient. If the defect is one which would affect the jurisdiction of the court, then it is fatal. (People ex rel. 2440 Concourse v. Miller, 178 Misc. 1038, affd. 261 App. Div. 948, mot for lv. to app. den. 285 N. Y. 862; People ex rel. Jacob Ruppert Realty Corp. v. Cantor, 115 Misc. 519, affd. 204 App. Div. 863; People ex rel. Empire Mtge. Co. *761 v. Cantor, 190 App. Div. 512; People ex rel. O’Neil v. Purdy, 188 App. Div. 485.)
In People ex rel. 2440 Concourse v. Miller (supra, p. 1039) the application filed with the Board of Assessors contained, amongst other questions, the query: “Is the objection based upon any inequality! If so, give particulars.” As in the case at bar, this question remained unanswered. The petitioner sought to have this waived upon the ground that there was a hearing. The court dismissed the application upon the grounds that that board could not waive a statutory requirement and further that the application was fatally defective.
Again in People ex rel. Masonic Hall Assn. v. White (218 App. Div. 38, affd. 244 N. Y. 564) the court clearly held that in order to direct a review of an alleged erroneous assessment, it was incumbent upon the petitioner to have filed a proper protest specifying the objection. This being lacking, the court dismissed the petition, as being fatal and which defect affected the court’s jurisdiction to review.
As the court said in Matter of Onteora Club v. Board of Assessors (17 A D 2d 1008,1009): “ Albeit technical, an express condition precedent to a judicial proceeding was not met, and the court lacked jurisdiction to review ’ ’.
Neither did any claimed waiver occur nor is any such waiver permissible. (Matter of Hersch v. Stroup, 19 A D 2d 664.)
Since there was a failure to comply with the statutory requirement (Beal Property Tax Law, § 512), the motion to dismiss the petition is granted. Petitioner’s motion to dismiss the answer is denied, all without costs.