Joseph A. Sarafite, J.
Petitioner, an owner of real property, sues for a review of the 1970-1971 assessment against his property. The petitioner — both in the application before the tax commission for correction of assessed valuation of real estate, colloquially referred to as the “ protest ” (hereinafter referred to as the application), and in the petition for review filed in *802 this court (hereinafter referred to as the petition) — alleges that the assessment of his property located in Bronx County is erroneous on the ground of overvaluation and also on the ground of inequality.
In all tax review cases, a two-step procedure is involved: (1) an application for correction of the valuation tentatively set by the tax assessors; such application is made to, and heard by, the tax commission (it is not a court proceeding), and (2) a petition to, and review by, the Supreme Court of the final assessment fixed on by the tax commission.
In the court proceeding, the contents of the original application are crucial. The application is a condition precedent to the filing of a petition. Petitioner is limited in the court petition to what, in substance, he has previously set forth in the application (see Matter of 1600 Elmwood Ave. v. Wiles, 42 Misc 2d 759).
As a consequence of this limitation, confusion can arise between the allegations of the application, not a court document, and the allegations of the formal court petition, which is subject to the rules of pleading. For example, the petition in this case, in effect, sets forth two causes of action: one grounded on overvaluation, the second on inequality. Yet they are not set forth and numbered as such. Issues in the review trials and expedition of pretrial matters would be better served by requiring petitions in such proceedings to be drawn according to the pleading sections of the CPLB. The court is treating the petition here as though it had pleaded two causes of action, th.e first on the ground of overvaluation and the second based on inequality.
Petition moves (1) to set the action down for trial on a day certain, and (2) for an order directing the exchange of appraisals.
The respondents cross-move to dismiss the allegation of inequality in the petition on the grounds (1) that there is a jurisdictional defect because the application filed does not conform with the specific language of the New York City Administrative Code, and (2) that there is a failure to state a proper cause of action for inequality because the petition fails to allege the inequality cause in accordance with the language of the New York City Administrative Code, and (3) for such other relief as the court deems proper.
All these five motions are directed to the second cause grounded on inequality. Hence there is nothing by the respondents questioning the validity of the first cause of action.
*803 The court will address itself first to the motion to dismiss for lack of jurisdiction.
The respondent contends that the application for correction, filed on March 11, 1970, does not properly conform with subdivision b of section 166-1.0 of the Administrative Code of the City of New York, because the Administrative Code provides for comparison of the subject property with other property in the city, whereas, in his application, the petitioner seeks a comparison with other property situated only in the Borough of The Bronx.
Petitioner responds that separate tax rolls are prepared in the City of New York for each borough. He maintains that his application conforms with section 706 of the New York State Real Property Tax Law, which provides for a comparison with other real property on the same tax roll. Petitioner states that the difference in language between subdivision b of section 166-1.0 of the Administrative Code, and section 706 of the Real Property Tax Law, allows him to take advantage of alleging this additional ground of inequality.
The controversy arises for the reason that the petitioner intends to prove his inequality allegation through the use of the ratio of the assessed value to the full value for Bronx County real estate, established by the New York State Equalization and Assessment Board. Prior to the recent Court of Appeals decision in Guth Realty v. Gingold (34 N Y 2d 440), not many petitioners in the City of New York have proceeded to trial in earnest on an allegation of inequality. This court has had none in over three years experience presiding exclusively in review trials.
The petitioner in the instant ease desires to compare his property with other properties in the Borough of The Bronx only and does not desire to compare his property with other properties throughout the city, as provided for in the New York City Administrative Code. Each county in the city is coterminous with the corresponding borough.
Petitioner’s land and improvement have been assessed in the amount of $205,000. He claims that the full value of his property is $140,000 and therefore that it is overvalued in the amount of $65,000. He also contends that his assessment is unequal in that property in Bronx County should be assessed at 65% of its full value. Therefore he claims his property should be assessed at $91,000; i.e., the petitioner claims that the extent of the inequality is $114,000, an amount equal to *804 the difference between $205,000, the assessed value, and 65% of $140,000, the value claimed by the petitioner.
The pertinent portions of petitioner’s application compared with the petition read as follows: The application — ‘1 The tentative assessed valuation of the property * * * seems to
be made at a higher rate than the assessed full valuation of all other property in the borough wherein the property is situated and especially in this section of the said borough and the said tentative assessed valuation seems to be out of proportion to the assessed valuation of the property of a similar character in the immediate vicinity of the property of the applicant.” (Emphasis added.) The petition, paragraph 8 — “ said assessments are erroneous by reason of inequality in that they have been made at a higher proportionate value than assessments of other real property in the same section or other real property on the assessment rolls of the City of New York * * * that your petitioner specifies as the instances in which such inequality exists, the assessments of all the land, real estate and real property in the City of New York and especially the section and the Borough of .the City of New York wherein the real property * * * is located ”. (Emphasis added.)
The pertinent portions of the statutes involved are as follows:
Subdivision b of section 166-1.0 of the Administrative Code:
“ such review shall be allowed only on * * * grounds which must be specified in such petition * * *
“ 3. That the assessment is erroneous by reason of inequality, in that it has been made at a higher proportionate valuation than the assessment of other real property of like character in the same ward or section, or other real property on the assessment rolls of the city for the same year, specifying the instances in which such inequality exists and the extent thereof, and stating that the petitioner is or will be injured thereby.” (Emphasis added.)
Section 706 of the Beal Property Tax Law: (contents of petition) “ or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other real property on the same roll.” (Emphasis added.)
In effect, respondents contend that the conflict between the application and the petition on the one hand with the Administrative Code on the other is a defect of pleading which deprives the court of jurisdiction to hear the petitioner’s claim, and that, accordingly, the petition should be dismissed as a matter of pleading.
*805 The Appellate Division, in People ex rel. Irving Trust Co. v. Miller (264 App. Div. 270, 272), held that “ The only things necessary to the exercise of jurisdiction are that within the time specified a complaint [application] under oath in writing be presented stating the objection and the grounds thereof.
‘ The form of the complaint, the particularity with which the property shall be described or the objection specified, are matters of procedure and do not go to the jurisdiction.’ ” (See, also, New York City Charter, § 163.) As the court in Irving Trustip. 274) held, the application is adequate if “ Facts were sufficiently set forth in the application to enable the commissioners to act upon it intelligently * * * and the defect was not jurisdictional.”
This court finds that there was no jurisdictional defect in petitioner’s alleged failure to comply with the New York City Administrative Code with reference to his application.
The court next turns to that portion of the cross motion to dismiss dealing with petitioner’s alleged failure to state an inequality cause of action in conformance with the Administrative Code.
The questions for the court to answer are: (1) May the petitioner allege as a ground of inequality any ground which seems to be permitted under the State statute even though it does not seem to ibe permitted under the Administrative Code? and (2) does the City of New York maintain a separate assessment roll for each county or borough?
The court answers both questions in the affirmative.
While the New York City Administrative Code would seem to allow for a comparison of properties only on a city-wide basis, the Real Property Tax Law permits a comparison with other properties on thes ame roll, e.g., The Bronx.
Section 2 of article XVI of the New York State Constitution provides for the review of real estate tax assessments as a State function (see Real Property Tax Law, § 702). Article IX (§ 2, subd. [e], par. [8]) of the Constitution allows local governments to adopt local laws for the levying, collection, and administration of local taxes authorized iby the Legislature and not inconsistent with the laws of the State. Section 10 (subd. 1, par. c, subpar. [2]) of the Municipal Home Rule Law authorizes municipal legislation in relation to “ the preparation, making, confirmation and correction of assessments of real property and the review of such assessments subject to further review by the courts as provided by law.”
*806 The courts have held “ that cities are empowered by the Constitution and City Home Rule Law to enact laws relating to the collection and administration of local tax assessments, but may not supersede any State law as to the reviewing of same by our courts. The organization of the courts and procedure therein are exclusively the State’s concern. Cities may not curb or control the jurisdiction or procedure of courts.” (Emphasis in original.) (Matter of 749 Broadway Realty Corp. v. Boyland, 1 Misc 2d 575, 578, affd. 1 A D 2d 819, affd. 3 N Y 2d 737.)
This court finds that the City of New York by its Administrative Code cannot narrow the rights of the petitioner and eliminate as a ground of tax review that which the State law permits. The court does not find that the two laws are in conflict but, rather, that the city, through its Adminstrative Code, provides grounds for review in addition to those specified in the State law.
The transcript of the hearing on the motions before the court supports the finding that, while there is one New York City fiscal officer, the Finance Administrator, responsible for the preparation of city assessments, and that while the assessments for the entire city are on file in Manhattan, there are nevertheless in addition separate rolls physically maintained in, and exclusively used for, and in each one of the five boroughs or counties in the city. Indeed, section 166-1.0 (subd. b, par. 3) of the Administrative Code speaks of “ assessment rolls of the city.” (Emphasis added.) Likewise, there is a tax rate for each borough, which is a component of the city-wide tax rate.
As to his inequality allegation the petitioner has stated a proper cause of action.
Finally, the court turns to two additional matters, neither of which raises a jurisdictional defect or a valid claim that the petition fails to state a proper cause of action.
The first is that the respondents argue that although the petition, in its allegation of inequality, compares the subject property with other city-wide properties, the application for correction does not. On the record, the petitioner has abandoned this allegation in the petition, intending to offer proof only on a comparison with Bronx County properties. Consequently, the court does not reach the question of whether the inequality statement in the application is proper and sufficient to support ■such a city-wide allegation in the petition. Accordingly the words in the petition in line 7 of paragraph 8, reading as follows: “ the City of New York, and especially,” are deemed *807 abandoned and are stricken. The court in People ex rel. O'Neil v. Purdy (188 App. Div. 485, 489), held that An amendment to a petition may ¡be granted after the time within which the statute allows a certiorari proceeding to be instituted only where it does not involve the setting up of a jurisdictional fact. (People ex rel. Warren v. Purdy, N. Y. L. J., Feb. 25, 1915; affd., sub nom. Matter, of Warren v. Board of Taxes & Assessments, 171 App. Div. 936.)”
Paragraph 8 of the petition, as amended, consequently reads as follows:
. “8. Upon information and belief that the said assessments have been made at a higher proportionate valuation than the assessments of other real property in the same'section or other real property on the assessment rolls of the City of New York for the fiscal year 1970-71; that your petitioner specifies as the instances in which such inequality, exists, the assessments of all the land, real estate and real property in the section and the' Borough pa the City of New York wherein the real property hereinbefore described is situated, for the fiscal year 1970-71. That the said assessments against the said real property herein-before described are unequal, disproportionate and erroneous by reason of inequality and the extent of such inequality is equal to the difference between the amount set forth in Column 7 of Schedule A, and 65% of the amount set forth "in bolumn 8 of Schedule A.” (Emphasis added.)
The second matter is the contention raised by the city concerning the dollar amount of petitioner’s inequality claim in his application. The petitioner requests in the last sworn clause seeking relief on- page two of Ms application that the assessed value be fixed with reference to both Ms overvaluation-and inequality claims at $140,000,. when instead he could have requested on his claim of inequality that the assessed value be fixed at $140,000 multiplied by 55% or $91,000. The city argues that this is a jurisdictional defect. The court holds that- it is neither a jurisdictional defect nor one relating to the sufficiency of the petition. The city’s contention relates instead to a possible limitation of the amount of petitioner’s recovery, if any, at the trial. In tax review proceedings the petitioner is" limited in the amount of- recovery by the amount of his claimed value in his application (see People ex rel. Interstate Land Holding Co. v. Purdy, 236 N. Y. 609).
The respohdents’ cross motion to dismiss is denied. The petitioner’s motion to set the action down for a day certain and for other relief will he held in abeyance pending a conference between the court and the attorneys.