THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES A. Voss, Appellant, v. FRANCIS V. GREENE, as Police Commissioner of the City of New York, Respondent.

NEW YORK (CITY OF) — ORAL DESIGNATION OF DEPUTY POLICE COMMISSIONER TO TAKE EVIDENCE. The police commissioner of the city of New York having the power to designate deputy commissioners to take the evidence upon the trial of charges against members of the police force and report the same, with or without opinion, to the commissioner, such designation may be made orally or in writing, and where a complaint against a patrolman was heard by a deputy commissioner and the evidence submitted to the commissioner, who subsequently made his decision thereon, finding the patrolman guilty of the offense charged, and adjudged that he be dismissed from the force, such determination

will not be reversed upon the ground that the designation of the deputy commissioner was made orally, especially when no objection was made at the trial.

*People ex rel. Voss* v. *Greene*, 105 App. Div. 642, affirmed.

(Argued January 10, 1906; decided January 23, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1905, which affirmed the proceedings of the defendant in dismissing the relator from the police force of the city of New York.

The facts, so far as material, are stated in the opinion.

*Jacob Rouss* and *Louis J. Grant* for appellant. The relator's dismissal was void, as the deputy commissioner before whom he was tried had not been duly authorized to try him as is required by the charter. (*People ex rel. McCollum* v. *Scannell*, 56 App. Div. 53.) The deputy commissioners not having the right to try offenders unless they have been specially deputized thereto, there can be no inference from the mere fact of the deputy having tried relator, that he was authorized to try him. (*People ex rel. Garvey* v. *Comr.*, 180 N. Y. 237; *People ex rel. Dougan* v. *Greene*, 97 App. Div. 404; *Miller* v. *City of Amsterdam*, 149 N. Y. 288; *Shove* v. *Raynor*, 3 Den. 77; *People ex rel. Akin* v. *Morgan*, 55 N. Y. 587; *Swift* v. *County Comrs.*, 6 Nev. 95; *C. Ins. Co.* v. *Rhoades*, 117 U. S. 237; *Ray* v. *Hall*, 1 Harr. [Del.] 106; *Crozier* v. *Wilson*, 2 Harr. [Del.] 203; *Milvary* v. *Miller*, 1 Browne [Penn.], 339; *McGregor* v. *Supervisors*, 37 Mich. 388.)

*John J. Delany*, Corporation Counsel (*Theodore Connoly* and *Royal E. T. Riggs* of counsel), for respondent. The deputy commissioner was authorized by the provisions of the revised charter and the rules and regulations of the police department to hear and examine into the charges against relator. (*People ex rel. De Vries* v. *Hamilton*, 84 App.

Div. 369–373; *People ex rel. Flanagan* v. *Police Comrs.*,
93 N. Y. 97; *People ex rel. Swift* v. *Police Comrs.*, 31 Hun,
40; *People ex rel. Farrel* v. *Board of Police*, 20 Hun, 402;
*People ex rel. Garvey* v. *Partridge*, 180 N. Y. 237; *People
ex rel. Weston* v. *McClave*, 123 N. Y. 512; *People ex rel.
Reardon* v. *Partridge*, 86 App. Div. 310.)  Even if a written
delegation by the commissioner was necessary, the presump-
tion arises that the deputy was duly authorized in the present
case.  (*City of New York* v. *Streeter*, 180 N. Y. 50; *City
of New York* v. *Vandeveer*, 91 App. Div. 303; *City of
New York* v. *Matthews,* 180 N. Y. 41; *People ex rel.
Meehan* v. *Greene*, 103 App. Div. 393; *Jackson* v. *Cole*, 4
Cow. 587; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Swartout*
v. *Ranier*, 143 N. Y. 499; *Rankin* v. *Hoyt*, 4 How. [U. S.]
327; *U. S. Bank* v. *Dandridge*, 12 Wheat. 64; *Knox County*
v. *N. Nat. Bank*, 147 U. S. 91; *Nofire* v. *United States*, 164
U. S. 657.)

HAIGHT, J.   The relator was charged with conduct unbe-
coming an officer, in that he testified falsely upon a trial of
another officer.   The return shows that the trial took place
before Deputy Commissioner Davis, who was duly authorized
to hear the same; that he took the evidence and submitted
the same to the commissioner, who subsequently made his
decision thereon finding the relator guilty of the offense
charged, and thereupon adjudged that he be dismissed from
the police force.   Upon the hearing before the deputy com-
missioner the relator was represented by counsel but no objec-
tion was made nor exception taken to the power of the deputy
commissioner to take the evidence and report it to the
commissioner.

It is now contended that the deputy commissioner was not
authorized to hear the case and that in consequence thereof
the dismissal of the relator from the force was void.   We
think it sufficiently appears from the return that he was
authorized, but if it did not we are of the opinion that the
question was disposed of by our determination in the case of

*People ex rel. Garvey* v. *Partridge* (180 N. Y. 237), in which WERNER, J., speaking for the court, says that, under the present charter, "the deputy commissioners are authorized to examine, hear and investigate charges against members of the force, but that the power to convict and punish upon such charges is vested solely in the commissioner except in his absence or disability, when it devolves upon his deputies in the order of their rank."

The practice thus authorized is analogous to that often adopted in the Supreme Court when a controverted question of fact arises upon a contested motion. The court appoints a referee to take the evidence and to return the same to the court. It is quite customary to add thereto, with his opinion as to the facts established thereby, but the report with his opinion is not essential to the validity of the proceedings, for the court must determine the facts from the evidence either with or without the aid of the views of the referee. While we are not disposed to impose unnecessary burdens upon the commissioner or his deputies it would, we think, be a more satisfactory practice if the commissioner did require the deputy assigned to hear a case to state his opinion as to the facts established in making his return of the evidence. The deputies, as we have seen, are authorized by the statute and the rules promulgated by the commissioner to take the evidence upon charges of misconduct made against members of the force. It is quite true, as claimed by the appellant, that the record discloses no written designation of Deputy Davis to take the evidence in this particular case other than that appearing from the return, to which we have already called attention. The commissioner, doubtless, has the power to designate the deputies to hear the cases. He may say to the first deputy: You hear A's case; to the second deputy: You take B's case, and to the third deputy he may assign C's case. We think it is unnecessary that such assignments should be in writing, but that the power of the deputy will be assumed in view of the fact that, under the statute, he is given the power to take the evidence in such cases, and that subsequently the

commissioner reviewed the evidence so taken, especially when no objection was taken on the trial, and passed judgment thereon.

The order should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.