PEOPLE ex rel. McDERMOTT v. BOARD OF ESTIMATE AND APPOR-
TIONMENT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 27, 1911.)

1. COURTS (§ 55*)—EMPLOYÉS—SALARY—POWER TO FIX.
    Under Laws 1907, c. 603, amending New York Charter (Laws 1901, c. 466) § 1373, by providing that the board of estimate and apportionment shall, on recommendation of the board of justices, prescribe the number of employés of the Municipal Court and fix their respective salaries, etc., a resolution of the board of justices recommending an increase of salary does not establish the employé's right to the increase; the board of estimate and apportionment not being bound by such recommendation.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 55.*]

2. WORDS AND PHRASES—"PRESCRIBE."
    "Prescribe" means to lay down, authoritatively, as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5519, 5520.]

Appeal from Special Term, Kings County.

Mandamus by the People of the State of New York, on the relation of William J. McDermott, against the Board of Estimate and Apportionment of the City of New York. From an order (72 Misc. Rep. 456, 131 N. Y. Supp. 294) denying a peremptory writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Junius Pendleton Wilson, for appellant.
James D. Bell (Sanders Shanks, on the brief), for respondent.

WOODWARD, J.  [1] The relator is a stenographer in the Municipal Court of the borough of Brooklyn, city of New York, and claims to be entitled to an increase in his salary from $2,000 to $3,000 per year; this claim being based upon a resolution of the board of justices of the Municipal Court, recommending to the board of estimate and apportionment of the city of New York that his salary, in common with other stenographers of that court, be fixed at $3,000 per year. This action on the part of the board of justices was taken under the provisions of chapter 603 of the Laws of 1907, amending section 1373 of the charter of the city of New York; and it is the contention of the relator that this resolution has the effect of establishing his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to an increase of salary. The act, in so far as it relates to the question here under consideration, provides that:

The "board of estimate and apportionment shall, on the recommendation of the board of justices prescribe the number of assistant clerks, stenographers, interpreters, attendants and other employés of the said court for each borough and shall fix their respective salaries, except as herein specifically provided."

The statute, as it previously stood, provided for a salary of $2,000 each for stenographers, and the amendment merely provided that the board of estimate and apportionment should "fix their respective salaries," upon the recommendation of the board of justices. To attempt to hold that a provision of a statute requiring a board to take action upon the recommendation of another board is to make such recommendation as binding as the action of the body to which the recommendation is addressed is to do violence to language, and there is no reason whatever for assuming that the Legislature ever intended such a result. The fair intent of the Legislature was to provide for a recommendation, not as to salaries merely, but as to the number of employés to be provided for the several courts, and it was left for the board of estimate and apportionment, in adjusting the financial affairs of the city, to "prescribe the number * * * and to fix their respective salaries."

[2] "Prescribe" is a strong word. To prescribe means to lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law (22 Am. & Eng. Ency. of Law, 1179); and when the Legislature imposed the duty of prescribing the number of clerks, stenographers, etc., and fixing their salaries upon the board of estimate and apportionment, it imposed no other limitation than that this should be done upon the "recommendation of the board of justices." There was no limitation upon the power to prescribe, to fix, the law of their compensation. They were not bound by the amount recommended. They were simply called upon to act upon the recommendation, and, having done so, the relator has no ground for complaint because they refused to advance his salary. Certainly the recommendation of the board of justices did not operate to give him a legal right to the salary which they recommended, and without a clear legal right mandamus does not lie.

The order appealed from should be affirmed, with costs. All concur; BURR, J., in result, being of opinion that the statute does not authorize the board of justices to make any recommendations to the board of estimate as to salaries.