In the Matter of FRANK MCMAHON, Respondent, against
FRANK B. DEVLIN, as Commissioner of Public Safety
of the City of Yonkers, Appellant.

(Argued September 29, 1930; decided November 18, 1930.)

*Harry J. Laragh*, Corporation Counsel (*Vincent C.
DeCarlo* of counsel), for appellant. Relator was duly
tried by the deputy commissioner who had power and
authority to try a patrolman, upon the oral or other direc-

tion of his superior. (*Abrams* v. *Ervin*, 9 Iowa, 87; *Lewis* v. *Lewis*, 8 Mo. 183; *Confiscation Cases*, 20 Wall. [U. S.] 111; *Tillotson* v. *Cheetham*, 2 Johns. 63; *People ex rel. Flanagan* v. *Bd. of Police Commrs.*, 93 N. Y. 97; *People ex rel. Garvey* v. *Partridge*, 180 N. Y. 237; *People ex rel. Voss* v. *Greene*, 183 N. Y. 483; *People ex rel. Reagan* v. *Partridge*, 184 N. Y. 566; *Matter of Ostrander*, 12 Misc. Rep. 476; 146 N. Y. 404; *People ex rel. Conway* v. *Barker*, 14 Misc. Rep. 360; *Williams* v. *Darling*, 67 Misc. Rep. 205; *Matter of Tilyou*, 57 App. Div. 101; *Matter of Moore*, 108 N. Y. 280; *666 West End Ave. Corp.* v. *Deutsch*, 135 Misc. Rep. 707; *Curtin* v. *Barton*, 139 N. Y. 505; *City of New York* v. *Streeter*, 180 N. Y. 507; *Swarthout* v. *Ranier*, 143 N. Y. 499.)

*Paul L. Bleakley* and *Thomas J. O'Grady* for respondent. The deputy commissioner acted without jurisdiction and authority and his decision was a nullity and void. (Second Class Cities Law, §§ 130, 133, 137; *O'Mara* v. *Herring*, 225 App. Div. 816; *People ex rel. Garvey* v. *Partridge*, 180 N. Y. 237; *People ex rel. Syperrek* v. *McAdoo*, 125 App. Div. 673; *Birdsall* v. *Clark*, 73 N. Y. 73; *Bandler* v. *Hill*, 84 Misc. Rep. 359; 163 App. Div. 970; 220 N. Y. 736; *Ontario Knitting Company* v. *State of New York*, 205 N. Y. 409; *People* v. *Green*, 96 App. Div. 249; *Martin* v. *O'Keefe*, 195 App. Div. 814; 33 C. J. 1070; *People* v. *Bork*, 96 N. Y. 188; *Jones* v. *Jones*, 108 N. Y. 415; *Davidson* v. *Ream*, 178 App. Div. 362; *People* v. *Sturtevant*, 9 N. Y. 263; *Hastings* v. *Farmer*, 4 N. Y. 293; *Kamp* v. *Kamp*, 59 N. Y. 212; *Matter of Walker*, 136 N. Y. 20; *Matter of Grossman*, 134 Misc. Rep. 724.)

O'BRIEN, J. Respondent, a patrolman on the police force of the city of Yonkers, pleaded guilty to charges of misconduct preferred against him by his captain, withdrew his plea, stood trial and was removed. After a delay of two years and a half, he instituted this mandamus

proceeding for reinstatement. He was defeated at Special Term but the Appellate Division by a divided court reversed and directed a peremptory mandamus order. The petition alleges and the opposing affidavit admits that the hearing on the charges was conducted by the deputy commissioner of public safety, that the decision was rendered by him and that the removal was made by him. Petitioner's supporting affidavit alleges also that the commissioner was present at the hearing and this allegation is not denied.

The only question is one of law and in it is involved the authority of the deputy to act. That question must be answered by our interpretation of the provisions of the Second Class Cities Law (Laws of 1909, ch. 55, as amd. by Laws of 1910, ch. 266; Cons. Laws, ch. 53) which applies to the city of Yonkers. The powers and duties of the commissioner of public safety and those of his deputy are defined in this statute. By sections 133 and 137 the responsibility for trying and determining charges against accused officers of the department and removing them rests upon the commissioner. By section 130, the deputy in the absence or disability of his superior or during a vacancy in his office shall discharge all the duties of that officer. Section 132 describes the general powers of the deputy at all times and it provides that he shall have authority to administer oaths and take evidence in all matters and proceedings pertaining to the department and " shall perform such other duties as may be prescribed by the commissioner or by law or by ordinance of the common council." In so far, therefore, as the deputy administered oaths and took evidence on the hearing of the charges, his conduct is sanctioned by the particular language of the statute. His authority to exercise these powers is not dependent upon his superior's absence or disability or upon a vacancy in the office of commissioner. The statute does not specially declare his power to make a determination or to remove during the presence of the

commissioner but he must, however, perform those duties if, in the absence of some other statute or of an ordinance, they shall have been prescribed by his principal. Within the intent of this statute, what is the meaning of the word " prescribe? " It has been held to signify to " lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point; to direct; to give as a guide, direction, or rule of action; to give law." (*Loewy* v. *Gordon*, 129 App. Div. 459; *Heiferman* v. *Scholder*, 134 App. Div. 579; *People ex rel. McDermott* v. *Board of Estimate*, 146 App. Div. 515; *Travelers Ins. Co.* v. *Industrial Commission*, 71 Colo. 495; *Philips* v. *Guy Drilling Co.*, 143 La. 951; *State* v. *Truax*, 130 Wash. 69.) As employed in section 132, therefore, the commissioner who is an administrative officer with merely *quasi* judicial functions is empowered to direct and peremptorily to order his deputy to relieve him, even during his presence, of his primary obligation to determine the sufficiency of evidence on charges and to exercise discretion respecting discipline. Pursuant to this statute, the principal may confer upon his *alter ego* every incident of his own power. The process by which he shall exert this right is not defined. He is not required to publish an official order nor even to reduce his command to writing. Oral direction is sufficient. (*People ex rel. Voss* v. *Greene*, 183 N. Y. 483.)

In the record is embraced no direct evidence that the head of the department did, in fact, delegate to his deputy the power which the statute authorizes him to confer. The inference that the inferior did not usurp official functions is, however, irresistible. Respondent informs us that the commissioner was present in the trial room on both days of the hearing, and that after determination and removal by the deputy, the commissioner refused reinstatement. By these facts the presumption of regularity of official performance is reinforced. (*People ex rel. Voss* v. *Greene, supra.*)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Ordered accordingly.