MERIT SYSTEM — LONGEVITY ALLOWANCES The longevity allowances provided in 47 O.S. 2-105 [47-2-105](h)(1) (1971), 47 O.S. 2-106 [47-2-106](c), and 47 O.S. 377.1 [47-377.1](3) and 74 O.S. 154 [74-154](a) (1971) are directive in establishing the salaries of those employees affected by the allowances and are part of the prescribing by law of the salaries of said employees within the meaning of the term "prescribed by law" in House Joint Resolution 1020, 33rd Legislature, First Session. The allowances provided therein do not fall within the prohibition set out in Section 3 of House Joint Resolution 1020 and can be granted as provided. The Attorney General has considered your opinion request wherein you, in substance, ask the following questions: "1. Under the provisions of Section 3 of H.J.R. 1020, may the Department of Public Safety grant longevity salary increases as provided in 47 O.S. 2-105 [47-2-105] (h) (1971), 47 O.S. 2-106 [47-2-106](c), and 47 O.S. 377.1 [47-377.1](e). "2. Under the provisions of Section 3 of H.J.R. 1020, may the State Bureau of Investigation grant longevity salary increases as provided by 74 O.S. 154 [74-154](a) (1971) ?" Section 1 of House Joint Resolution 1020 provides in part: "All state agencies whose employees are under the jurisdiction of the merit system of personnel administration are directed to take the following actions in the compensation of their employees: "A. Grant a cost of living salary increase to all classified employees, whose salaries are not prescribed by law, . . . ." Section 2 of House Joint Resolution 1020 provides in part: "All state agencies who employ people in the exempt and unclassified service of the state, whose salaries are not prescribed by law, shall grant such employees a cost of living salary increase . . ." Section 3 of House Joint Resolution 1020 provides: "Cost of living salary increase outlined in Section 1A and Section 2, and the adjustment of salaries outlined in Section 1B above, are intended to be the total pay increases authorized for a state employee subsequent to the passage of this joint resolution through June 30, 1972. The restriction on pay increases will not pertain wherein there is a change in type of duties performed, nor shall the restriction apply to employees in Step 3 of Grade 17, or lower, in the Merit System of Personnel Administration Salary Schedule." Title 47 O.S. 2-105 [47-2-105](h) (1971) provides: "There is hereby established for members of the Oklahoma Highway Patrol Division, longevity allowances and a graduated pay scale based on their length of service in such Division, including all service prior to the effective date of this Act. The increase in pay shall be three percent (3%) of their base pay every three (3) years of service. For the purpose of computing longevity allowances as well as retirement and pension allowances, the base pay shall be Seven Hundred Dollars ($700.00) per month. The Commissioner of Public Safety is hereby authorized to pay to each member of the Highway Patrol for the completion of each three (3) year's service such three percent (3%) increase over the then current salary." Section 47 O.S. 2-106 [47-2-106](c) of said Act provides: "There is hereby established for examiners and other officers of the Drivers License Division, as enumerated in Section 2-106, (a), longevity allowances on a graduated basis depending upon length of service in the Oklahoma Department of Public Safety, including all services prior to the effective date of this Act. The allowances shall be three percent (3%) of their base pay for every three (3) years of service. For the purpose of computing longevity allowances as well as retirement and pension allowances, the base pay for permanent employees in the Drivers License Division shall be Six Hundred Seventy-Five Dollars ($675.00) per month. The Commissioner of Public Safety is hereby authorized to pay such employees of the Drivers License Division for the completion of each three (3) years of service such three percent (3%) increase over their current salaries." Section 47 O.S. 377.1 [47-377.1](e) of the Act provides: "There is hereby established for those employees in the Communications Division of the Department of Public Safety as enumerated in subsection (a) of this Act, longevity allowances on a graduated basis depending upon length of service in the Oklahoma Department of Public Safety, including all service prior to the effective date of this Act. The allowances shall be three percent (3%) of their base pay for each three (3) years of service. For the purpose of computing longevity allowances, as well as retirement and pension allowances, the base pay for permanent employees in the Communications Division shall be Six Hundred Seventy-Five Dollars ($675.00) per month. The Commissioner of Public Safety is hereby authorized to pay such employees of the Communications Division for the completion of each three (3) years of service such three percent (3%) increase over their current salaries." Title 74 O.S. 154 [74-154](a) (1971), provides: "The Director of the State Bureau of Investigation shall appoint only persons of outstanding honesty, integrity, and ability as agents, inspectors and chief agent. Minimum qualifications of an agent, inspector or chief agent at the time of his appointment shall be an age of twenty-five (25) to fifty (50) years, possess a high school education or equivalent and other educational qualifications as established by the Oklahoma State Personnel Board. Upon completion of each year of service with the State Bureau of Investigation, all employees shall receive a longevity pay increase of one percent (1%) of base pay, not to exceed twenty percent (20%) of the base pay." It is clear that the legislative intent in enacting House Joint Resolution 1020 is to allow a cost of living increase to all State employees except those whose salaries are prescribed by law. It is also clear that the Legislature intended that the cost of living increase and the adjustment of salaries outlined in Section 1B of the resolution be the total pay increases authorized for State employees subsequent to the passage of House Joint Resolution 1020 through June 30, 1972. By excepting those State employees whose salaries are prescribed by law from a cost of living increase the Legislature, having already expressed their intent regarding those salaries by prescribing them in other enactments, obviously intended that House Joint Resolution 1020 not apply to those whose salaries are prescribed by law. The word prescribe is defined as to lay down authoritatively as a guide, direction, or rule; to impose as peremptory order; to dictate to point; to direct; to give as a guide, direction, or rule of action. Sevier v. Riley, 244 P. 323,198 Cal. 170; People ex rel McDermott v. Board of Estimate and Apportionment of City of New York, 131 N.Y.S. 604,146 App. Div. 515. The term "prescribe by law" generally refers to statutory provisions, and not as prescribed by the general law. Gilliam v. California Employment Stabilization Commission, 278 P.2d 528, 130 C.A.2d 102; Lawson v. Kanawha County Court, 92 S.E. 786, 80 W. Va. 612
. Therefore, statutory provisions which authoritatively give direction to State employees salaries are inclusive in prescribing said salaries within the meaning and intent of House Joint Resolution 1020. In regard to your first question, the provisions of 47 O.S. 2-101 [47-2-101] (1971), et seq., prescribe the line item salaries of the various employees of the Department of Public Safety as minimums maximums. The entire range set forth in the minimum-maximum is directive of the employee's salary and, therefore, is within the meaning of the term "prescribed by law" as used in House Joint Resolution 1020. Since the Legislature enacted said salaries as minimums maximums, and in doing so prescribed the salaries as ranges, the prohibition in Section 3 of House Joint Resolution 1020 would not apply to said employees who are given salary increases fixing their salaries within the statutory salary range. The longevity allowances provided in 47 O.S. 2-105 [47-2-105](h) (1971), 47 O.S. 2-106 [47-2-106](c), and 47 O.S. 377.1 [47-377.1](e) are also directive in establishing the salaries of those employees of the Department of Public Safety affected by said allowances, and are, therefore, part of the "prescribing by law" of the salaries of the employees eligible for the longevity allowances. Since the provisions help prescribe the employees' salaries, said longevity allowances are payable to the appropriate Department of Public Safety employees, provided said increases do not cause the employees' salaries to exceed the maximum provided by law, and are not within the prohibition set out in Section 3 House Joint Resolution 1020. In answer to your second question we would refer you to the longevity pay provisions in 74 O.S. 154 [74-154](a) (1971), which are not only directive in regard to affixing the salaries of employees of the State Bureau of Investigation, but provide that the employees "shall" receive the appropriate longevity increases. Certainly this language is part of the prescribing by law of the salaries of the employees of the State Bureau of Investigation, and the granting of the longevity allowances provided therein does not fall within the prohibition set out in Section 3 of House Joint Resolution 1020. It is, therefore, the opinion of the Attorney General that your two questions be answered in the affirmative. The longevity allowances provided in 47 O.S. 2-105 [47-2-105](h) (1971), 47 O.S. 2-106 [47-2-106](a), and 47 O.S. 377.1 [47-377.1](e) and 74 O.S. 154 [74-154](a) (1971) are directive in establishing the salaries of those employees affected by the allowances and are part of the prescribing by law of the salaries of the said employees within the meaning of the term "prescribed by law" in House Joint Resolution 1020. The allowances provided therein do not fall within the prohibition set out in Section 3 of House Joint Resolution 1020 and can be granted as provided. (Mike D. Martin) ** See: Opinion No. 71-343 (1972) **